## SCOTT v. FORT WORTH NAT. BANK.
### No. 13850.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 13, 1939.

Rehearing Denied Feb. 24, 1939.

Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, for appellant.

Bryan, Stone, Wade & Agerton and B. G. Mansell, all of Fort Worth, for appellee.

SPEER, Justice.

This appeal grows out of a suit filed and prosecuted in the 67th District Court of Tarrant County, by the Fort Worth National Bank, as trustee, for Winifred Scott, to which institution we shall refer as plaintiff, against Winfield Scott, to whom we shall refer as defendant.

Plaintiff alleged that on December 18th, 1929, in cause No. 85,479, pending in said 67th District Court, Charlotte Morgan Scott procured a judgment against her then husband, Winfield Scott, for divorce and a property settlement. That pending the hearing of that cause, the parties entered into a written agreement as to a division of the property. That Mrs. Scott was awarded the custody of their minor daughter, Winifred Scott. That by the terms of the property settlement agreement, Scott agreed and obligated himself, among other things, to create a trust fund for the benefit of their daughter, payable in weekly installments of $50 each, to be deposited in the plaintiff bank, until the child should become twenty-one years of age or die prior to that time. That the judgment of the court in that case appointed plaintiff as trustee for the retention and investment of the trust fund, and adopted the property agreement as a part of said judgment, with a finding that it constituted a fair and just division of the property interests between the parties.

Further allegations were made in the instant case, to the effect that thereafter, defendant paid said installments until the sum paid aggregated $5,850.50. That on September 21st, 1932, defendant procured an order from the said 67th District Court modifying said previous judgment, to the extent that, instead of paying the weekly installment of $50, he was permitted to execute his several notes in denominations of $500 each, at the expiration of any ten weeks' period. That under orders of the court, defendant had been authorized to expend for the benefit of said child the sum

of $1,066.50, which amount was allowed by the court as a credit upon his obligation and decree of the court, and that pursuant to the decree of September 21st, 1932, executed notes to plaintiff, as trustee, one on October 19th, 1932, for $483.35, one on December 28th, 1932, for $500 and one on March 8th, 1933, for $500, each note due one year from its date, with interest at four per cent per annum from date, and ten per cent interest per annum after maturity, and providing for the usual ten per cent attorneys fees. That subsequent to the date of the last mentioned note, defendant had refused to make payment of installments due under said judgment and decree of the court, or to execute notes in lieu thereof, as provided by the second decree mentioned.

Prayer was for the amount due and unpaid on the notes according to their terms and for the remaining unpaid installments, for which no notes were given up to the date of the institution of the suit.

Attached to plaintiff's petition is a copy of the judgment of the court in cause No. 85,478 (clearly the discrepancy between the number here given and that in the petition is a clerical one), which decree embraces the whole of the purported property settlement between the parties.

Defendant answered by general denial and by special answer to the effect:

1. That the 67th District Court was without jurisdiction in cause No. 85,478, to enter a judgment against him for future payments for the benefit of said child; that the only judgment the court could properly enter was one for divorce and for partition of the community property between the parties, and it was alleged that at the time of the decree there was no community or separate property belonging to them, or either of them, and the judgment, insofar as it fixed a liability against defendant for the payment of installments claimed by plaintiff, was void.

2. A plea of non est factum was interposed by defendant to the alleged property settlement plead by plaintiff and incorporated into the judgment of the court. In this connection, he alleged that at the time of the separation between him and his wife, he had told her that he would give her $10,000 and $50 per week for the support of their child, and would deposit $50 per week in a trust fund for the use and benefit of the child, but that such statement was purely voluntary on his part and was wholly without consideration. That he expressed

his willingness to the foregoing terms in the presence of his wife's counsel, and was asked to put the statement in writing, so that it might be put in the judgment as an agreement for judgment. That his own attorney was present when he made the statement, and subsequently reduced the agreement to writing and signed it as his attorney, although he did not know it was so written and signed, nor did he give to his attorney actual authority to do so.

3. An alternative plea, in answer, was made that if the court should hold he had the power and authority to enter the first judgment on December 18th, 1929, then by virtue of the order of September 21st, 1932, wherein defendant was authorized to execute notes in lieu of payment of weekly installments in cash, he stood ready and willing to continue to so execute notes, as he had previously done on three occasions when the notes mentioned in plaintiff's petition were executed and delivered, provided, however, that no money judgment be rendered against him.

4. By paragraphs 6, 7 and 8 of the answer, it is alleged that conditions have changed since the judgment in cause No. "85,378" (85,478) was entered on December 18th, 1929; that defendant is without funds and his mother had refused to make any payments to said bank (the plaintiff), knowing that the mother and grandmother of said minor would get the benefit of such payments; that it would be inequitable and unnecessary to require defendant to make further payments under the terms of said alleged contract and judgment, because custody of the child had been taken from Charlotte Morgan Scott and awarded to defendant's mother, who had made ample provisions for her support and maintenance; that because of said changed condition and the support and maintenance provided by defendant's mother for the child, no necessity exists for further payments into said trust fund; that said minor is defendant's only heir and will eventually inherit any estate that he may come into possession of.

The prayer in the answer reads: "Wherefore, this defendant prays that plaintiff take nothing herein, and in the alternative nothing herein; that such judgment of date December 18th, 1929, insofar as it provides for a continuing money judgment against this defendant, be decreed to be null and void, and in the alternative that on account of the changed conditions and the inability of this defendant to make such payments, that order be entered herein relieving him of the obligation, if any, to make future payments thereon, and for such other orders as may be proper in the premises."

The court sustained special exceptions to that part of defendant's answer embraced in section four above set out by us, to which ruling the defendant excepted. The court, after hearing the pleadings and based upon the stipulated facts, entered judgment for plaintiff in the sum of $16,754.54, the amount found to be due and unpaid to plaintiff, as trustee, under the terms of the judgment dated December 18th, 1929. Exceptions were taken to the ruling of the court, and the matter is before us for review.

As we view this appeal, there are only two primary questions for determination by us. They are: 1. Did the court err in sustaining the special exceptions above referred to, and, 2. Was the judgment void which was entered by the court in cause No. 85,478, between Charlotte Morgan Scott and Winfield Scott.

The facts, stipulated by the parties to the instant suit, present what is termed the statement of facts. It there appears that in the cause No. 85478, above referred to, a judgment was entered which included what purported to be an agreed property settlement between the parties, which, insofar as pertinent to the rulings by the court on the special exceptions, reads:

"1st. That the care and custody of Winifred Scott, the minor daughter of the parties hereto, shall be awarded to the plaintiff (Charlotte Morgan Scott).

"2nd. That the property rights of the parties hereto shall be settled as follows:

"Defendant (Winfield Scott) shall pay to plaintiff (Charlotte Morgan Scott) the sum of Ten Thousand ($10,000.00) Dollars in cash, and pay to plaintiff the sum of Fifty ($50.00) Dollars each week hereafter, to be used by (for) the maintenance and education of said minor child, Winifred Scott, until such child shall arrive at the age of twenty-one (21) years; * * *".

There are further provisions in that instrument providing for the payment by defendant to plaintiff herein, weekly installments of $50 each for the purpose of creating a trust fund for said child. We shall have occasion later in this discussion to mention that item.

It will be observed that the defenses urged by defendant to which the exceptions apply were based upon alleged changed conditions, such as that he was unable to

pay, his mother had refused to make further payments because "the mother and grandmother would get the benefits of said payments," that a necessity no longer existed for such monthly payments because ample provisions had been made for the education and maintenance of the child. The payments from which defendant sought to be relieved were evidently those which were decreed by the court to be paid to Charlotte Morgan Scott for the support and maintenance of the child. Those installments were not in anywise involved in plaintiff's suit and only came into the case by virtue of the allegations of defendant. Following the allegations in the answer above referred to and based thereon, he says: "And this defendant appeals to the equity powers of this court to relieve him of further payments under such purported judgment of December 18th, 1929, and any agreement claimed with reference thereto, by reason of the changed conditions."

 Evidently the last quoted part of the answer was broad enough to cover the installments and notes sued on, but the changed conditions set out did not and could not alter that part of the obligation involved here. This action is separate and apart from any obligation of defendant to his former wife, nor does any part of the moneys sued for herein go toward the education and maintenance of the minor, except under a further order of the court. The conditions alleged to exist can only apply to such fund or funds which defendant had been adjudged to pay for such support and maintenance. Those allegations presented no defense to the trust fund which the court had ordered plaintiff to collect. We do not doubt that cause No. 85,478 remains within the potential jurisdiction of the 67th District Court, subject to such orders and decrees as it shall see fit to make in the future relating to the custody and support of the child for cause shown. In fact, it appears from this record that upon an application of defendant, the court did, on September 20th, 1932, modify its former judgment to the extent that defendant was permitted to execute his notes in denominations of $500 to the trustee in lieu of the weekly installments. Defendant's answer discloses in those parts stricken when the special exceptions were sustained, that a subsequent order had been entered in said cause, to the effect that the custody of the minor child had been taken from Charlotte Morgan Scott and awarded to the mother of defendant.

 Charlotte Morgan Scott is in no sense a party to the suit before us, and if the court had permitted the defensive matters to stand as plead, and had gone into the evidence based thereon, the proceeding would have been a collateral attack on that judgment. It is a well settled rule of law in this State that such an attack, when all the interested parties are not before the court, makes it collateral and such pleading is subject to exception. Hannon v. Henson, Tex.Com.App., 15 S.W.2d 579; Pure Oil Co. v. Reece, 124 Tex. 476, 78 S.W.2d 932.

Defendant's sixth and seventh assignments of error are based upon the action of the trial court in sustaining the special exceptions to his pleas under which he sought to show a changed condition relating to the support and maintenance of the minor child. Propositions under these assignments are, substantially, that the trial court had the power and it was its duty to modify a former judgment or contract providing for the support of the minor child where the condition of the parents has changed and it would work an undue hardship to perform. For the reasons above shown, we do not think the pleadings of defendant constituted a defense to plaintiff's alleged cause of action, and the attack made on the previous judgment pertaining to the education, maintenance and support of the child, which by the judgment was entrusted to defendant's former wife, was a collateral one. The special exceptions were properly sustained, and we therefore overrule assignments of error six and seven, challenging that ruling of the trial court.

As above stated, the remaining question to be determined is, was the judgment of December 18th, 1929, void? Defendant claims that it was a nullity for two reasons: (a) because the court was without power or jurisdiction to render a judgment against him for the future support of a minor child, under the laws as they then existed, and (b) because the alleged property settlement contract upon which the decree was entered and which was incorporated in the judgment was signed by his attorney without direct authority to do so.

Revised Civ.Stat., Art. 4638, effective in 1929, and by which the validity of the judgment in question must be determined, reads: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their

362

children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

■ Since the days of the adoption by this State of a constitution, the district courts have been given jurisdiction of divorce cases, and in one form or another, of a division of the property of the parties. The statutory provisions thereunder have vested the courts with large discretionary powers in the division of the property, in such a way as shall seem just and right to the court. In Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305, Judge Greenwood, speaking for the court, reviewed the history of our statutory provisions relating to the division of the property between parties to divorce suits. There, it was pointed out that Section 4 of the Judiciary Laws of the Republic contained the identical language now found in Art. 4638, R.C.S., above quoted, except that following the last words of that article were found the additional three words, "or to slaves." Meaning, of course, that the courts could not in the division of property between the parties deprive either of the title to real estate or to slaves. There has never been a time in our jurisprudence since Statehood that our statutes did not contain a very similar provision as that of the article of the statute quoted. Its construction has many times been before our courts. It is contended by defendant in the instant case that the provisions of Art. 4638, R.C.S., by which the validity of the judgment of December 18th, 1929, is controlled, confined the court to a division of the common property of the husband and wife, when it was undertaken to make provisions for the support and maintenance of the children. This contention cannot be sustained. The rule seems to be well settled in this State that by virtue of the statute mentioned, if it shall seem just and right to the court before whom the divorce proceeding is pending, having due regard to the rights of the parties and their children, if any, he may award to either of the parties all or any part of the personal property belonging to them, or the separate personal property of either, or even the separate real estate of one may be placed in the hands of a trustee, the proceeds therefrom to be used for the benefit of the children. Or a life estate in the separate real estate of one may be set aside to the other for support and maintenance. Fitts v. Fitts, 14 Tex. 443; Rice v. Rice, 21 Tex. 58; Hedtke v. Hedtke, 112 Tex. 404, 248 S.W. 21; Keton v. Clark, Tex.Civ.App., 67 S.W.

2d 437, writ refused; Hughes v. Hughes, Tex.Civ.App., 259 S.W. 180, writ dismissed; Clark v. Clark, Tex.Civ.App., 35 S.W.2d 189, writ dismissed; Helm v. Helm, Tex. Civ.App., 291 S.W. 648.

■ It is contended by defendant that the 67th District Court was without jurisdiction and power in any event to render a judgment in 1929 in cause No. 85,478, requiring him to pay into said trust fund the stipulated weekly installments, here sued for, and seeks to defeat recovery because of the invalidity of the judgment on that ground. As shown above, the wife in that case sued for divorce, custody of the minor child and for general relief. The prayer for general relief, in the absence of a special exception, entitled plaintiff to a recovery of her proven rights, insofar as the laws of this State entitled the court to award them. There can be no question but that the court had jurisdiction of the parties and subject matter involved. As we have seen by the provisions of Article 4638, supra, the power was vested in the court, if divorce was granted, to award the custody of the child to one best suited to her education and maintenance, bearing in mind the best interest of the child. Irrespective of the derogatory allegations relating to the plaintiff, Charlotte Morgan Scott's, character, found in the defendant's pleadings here, the court decreed that the child would be in better hands with the mother than with the defendant. In such circumstances, the court, in divorcing the parties, was authorized and empowered to make such division of the property between them as seemed just and fair. We have already seen that the word "division" means much more than its most common acceptation would imply, in that, although there was no common property to divide, the separate property of defendant could and should be divided, so long as he was not to be divested of title to real estate. Such provision could mean nothing less than that a fair and just amount of defendant's property should be taken from him as the offending party in the suit, and given to plaintiff for the maintenance and support of herself and their child. This is true because it was defendant's primary duty and liability to support his wife and child, and he could not shift that responsibility by so conducting himself that his wife could not live in the home with him, and by his acts render himself less fitted for the care and maintenance of the child than she. Hutchinson v. Underwood, 27 Tex. 255; Magee v. White, 23 Tex. 180; Galveston, H.

& H. Ry. Co. v. Moore, 59 Tex. 64-68, 46 Am.Rep. 265; State v. Deaton; 93 Tex. 243, 247, 54 S.W. 901; Gulley v. Gulley, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564.

If the trial court in the divorce case had awarded to the complaining wife a lump sum equal to $50 per week during the child's minority, for her maintenance, and ordered it paid into the court or to a trustee, to be applied to expenses incurred by the person to whom her custody was awarded, we have no doubt it would have been a perfectly valid judgment, and only the question of the court's abuse of his discretion would have been subject to review here. The defendant perhaps knew something like that would have been done by the court, and in anticipation of it, he entered into an agreed property division with plaintiff, which, of course, was subject to the approval of the court. By the agreed "division," he made the promise of a lump sum to the wife, a weekly installment of $50 per week during the minority of the child, and the further promise of $50 per week to be paid into the trust fund involved here, which trust fund was to be held and invested by the trustee for the use and benefit of the minor, "unless the Judge of this (the trial) court shall for good cause shown, order any part or all of such trust fund to be paid out for the benefit of said minor child, either for its (her) education, or by reason of sickness, or for any other good and necessary cause as may appear to the court to be just and proper." Thus is will be seen that the trust fund so created was an additional safeguard against the contingency that the amount paid to the mother of the child should become inadequate to meet emergencies in her proper care, education and maintenance. It is claimed by defendant that if the court should hold that the agreed division of property was authorized by him, nevertheless, it was a voluntary act on his part and was without a valuable consideration. With this contention we cannot agree, for the reason, as assumed by us, above, that the court may have awarded a large lump sum to the unoffending mother from his separate personal property, for the maintenance of the child, yet to avoid such a contingency and for the advantage coming to him over it, he entered into that agreement, and the court concluded it was just and fair, approved it and based the judgment on it. Under a similar property settlement, Judge Martin, then of the

Amarillo Court of Civil Appeals, speaking for that court, said, in Ashby v. Gibbon, 69 S.W.2d 445-447: "A husband and wife, living apart and in contemplation of an immediate divorce decree, as in this case, may validly make a contract settling their respective property rights, including also a provision for the payment of an agreed sum monthly by the husband for the support of their minor children. Such a contract is not without consideration, nor is it against public policy. Smith v. Blanton (Tex.Civ.App.) 240 S.W. 651; 23 Tex.Jur., pp. 30 and 169; 30 C.J. pp. 1059, 1069 and 1070; Henderson v. Henderson, 37 Or. 141, 60 P. 597, 61 P. 136, 48 L.R.A. 766, 82 Am.St.Rep. 741; Johnson v. Johnson, 206 N.Y. 561, 100 N.E. 408, Ann.Cas.1914B, 407. * * * We see no reason to doubt, however, that a husband who faces the probability of having his property placed in the hands of a trustee by the court for the support of his minor children may not, to escape such result, make a valid provision of this character, which would not thereafter be subject to modification upon the ground of a subsequent change in his financial condition. See 30 C.J. pp. 1069 and 1070, and Henderson v. Henderson, supra."

The wisdom of the provision in the settlement contract and judgment of the court cannot be successfully assailed. It is easy to imagine a condition that could arise which would prove its value. If the one to whom the court had awarded the child's custody had also received a large lump sum and she had, after coming into possession of it, dissipated the money before the child became of age, there would have been little or no remedy to avert it. Again, if such person to whom the child's custody was awarded had, after receiving a large sum of money, so conducted herself that the court would, in the interest of the child, change that custody to another, the funds may have been previously spent or concealed until they would be lost to the child. By providing for weekly installments, both to the former wife for the support of the minor and to the creation of the trust fund for the purposes shown, another contingency was covered, it being that if the custody of the child should be changed to another, the payments to the former custodian could be, by order of the court, discontinued. The defendant no doubt knew all these things, and wisely made the property settlement he now seeks to nullify.

We think the trial court correctly held that the judgment of December 18th, 1929, in cause No. 85,478, insofar as it affected Charlotte Morgan Scott, could not be successfully attacked in this suit, when Mrs. Scott was not before the court, and we can see no error in the action of the court in refusing to grant equitable relief to defendant in relieving him from payments, required by that judgment to the trust fund involved here. The equitable grounds relied upon consisted of a changed condition of defendant, because he was at the time of the trial without funds with which to pay, and his mother had refused to make further payments for him because the child's mother and grandmother would get the benefit of it. In the first place, insofar as we know, there was never any obligation upon the part of defendant's mother to make such payments, but even if the court had rendered the judgment against defendant, under the implication that the mother would pay, because defendant had made his promise to do so, the excuse rendered, that they knew the mother and grandmother would get the benefit of it, is not adequate. It appears to us, as before indicated, that the creation of the trust, with its contingent provisions for supplementing the other funds provided for the maintenance of the child, under orders of the court, was to prevent the dissipation of such funds and make sure that the child would be adequately maintained. The mother of the child and no other person could get the benefit of such fund, except by an order of the court. The trial court had before him a plea filed by defendant in 1932, in an ancillary proceeding, that defendant was possessed of a million dollars worth of unincumbered property, and was met upon the trial of this case with the plea that he was then without property. This may have led the court to all the more believe that the trust fund promised by defendant should not be disturbed, and that it would be inequitable to defendant's child that he should be permitted to cease making payments. If these things prompted the court to enter the judgment from which this appeal was perfected, we think the court acted wisely and well within his province.

Under the authorities cited, we hold that the district court had power and jurisdiction in 1929 to enter judgment for divorce, award custody of the minor and, in the same proceeding, make such division of the property deemed by him to be just and fair between the parties and to their child. He could have at that time awarded to the nonoffending wife a lump sum in property for the maintenance of the child, but if in his discretion he thought it best that it be paid in weekly installments to a trustee for the child's use, to be expended in case of a necessity, under order of the court, this was within his power and jurisdiction, and we see no abuse of his discretion in doing so. In fact, we do not question its wisdom but commend it. If we are right in these conclusions, then the property settlement made between the parties upon which the judgment was entered removes all other reasons or objections that could be raised to the judgment. Jurisdiction of the court is the only thing in the case the parties could not waive. Telluride Power Co. v. City of Teague, Tex. Civ.App., 240 S.W. 950–954; Forty-Acre Spring Live Stock Co. v. West Texas Bank & Trust Co., Tex.Civ.App., 111 S.W. 417–421, writ refused, and authorities there cited.

We are cited to the following cases in support of defendant's contention that a judgment rendered under article 4638, R. C.S., fixing a weekly payment against him for the support of his child, is void: Townsend v. Townsend, Tex.Civ.App., 115 S.W. 2d 769; Gulley v. Gulley, 111 Tex. 233, 231 S.W. 97, 15 A.L.R. 564; Cunningham v. Cunningham, 120 Tex. 491, 40 S.W.2d 46, 75 A.L.R. 1305; Sneed v. Sneed, Tex. Civ.App., 296 S.W. 643; Ligon v. Ligon, 39 Tex.Civ.App. 392, 87 S.W. 838; Bond v. Bond, 41 Tex.Civ.App. 129, 90 S.W. 1128. In each of the cases cited except the last three, the judgments before the court were rendered in actions filed and prosecuted subsequent to the one in which the divorce was granted; hence, as we view them, they do not present analogies here. These differences are made to appear by an opinion written for the Supreme Court by Judge Taylor, in Bowyer v. Bowyer, 130 Tex. 257, 109 S.W.2d 741.

The last three cited cases would support defendant's contention, if it were not for the fact that the judgment here attacked was based upon the written property settlement and division between defendant and his then wife, pending the divorce case. This distinction is recognized in the Ligon v. Ligon case, supra, where, at page 839, it is said: "A husband may agree to the entry of such a judgment [binding him to contribute a stated amount, periodically, for the support of his minor child] against

himself." Bond v. Bond, supra, holds that the division of the property should award the amounts in lump sum, but cites the Ligon case with approval.

The trial court, having had jurisdiction of the parties and subject matter, could properly enter a judgment for the division of the property as it did, and bind the defendant to deliver the part taken from him, at intervals, he having previously contracted with his wife to do so, in contemplation of divorce. The defendant cannot now repudiate that judgment, in the absence of its modification by the court that rendered it.

We have discussed the property division settlement made between the parties and upon which the judgment of the court was entered, as if defendant had signed it in person. In fact, it appears to have been signed by his attorney of record in the case, for him. In the instant case, defendant interposed his plea of non est factum and alleged that his attorney had no direct authority to act for him in the matter. In his answer, defendant alleged substantially that at the time of the separation of himself and wife, he had told her that he would give her $10,000 and would pay $50 per week for the maintenance of the child, and would deposit $50 per week as a trust fund for the latter; that on the date the judgment was entered, he repeated to his counsel and his wife's counsel the proposition he had made to her, and that counsel for his wife asked him to sign a statement to that effect, to the end that it could be put in the judgment as an agreement for judgment. He further plead that he was advised that the attorneys wrote up the settlement agreement, and that his attorneys signed it without "actual authority from him" to do so.

The purported settlement agreement bears date of December 17th, 1929, and the judgment of the court for divorce and property division based thereon is dated December 18th, 1929. The judgment recites that on the date it bears, the parties appeared in person and by their attorneys, and continues in the usual form. From the record before us, it appears that defendant had proposed to make the property settlement at the time the parties separated; that time is not shown; the date of the instrument indicates that it was discussed between defendant and the attorneys for both parties before the date of trial and was reduced to writing the day before judgment.

Plaintiff alleged that defendant had executed the property settlement agreement upon which the judgment was based. Defendant plead non est factum thereto; the plaintiff replied with a general denial. The effect of defendant's plea was to require plaintiff to prove its execution. Such proof did not require positive evidence, but could be done by circumstances, and would permit proof of its ratification even though defendant did not originally sign it. Houston & T. C. Ry. Co. v. Chandler, 51 Tex. 416.

It would unnecessarily extend this opinion to detail the different acts of defendant which we consider ample to warrant the trial court in sustaining the instrument as against the defense made. The subsequent payments made and caused to be made by defendant under the judgment, and his application for an order of the court modifying the judgment to enable him to substitute his notes in lieu of the weekly installments, and the further fact that it was never contested or its enforcement protested for nearly eight years, were sufficient on that point to support the judgment.

We have not discussed defendant's assignments of error in the order presented, but have considered them all and find no merit in them which would require a reversal of the judgment, and it is therefore affirmed.