# 124

Alonzo NELSON, Jr., Appellant,

v.

Lucille GEIB, Appellee.

No. 10581.

Court of Civil Appeals of Texas.

Austin.

May 21, 1958.

Rehearing Denied June 11, 1958.

Paul T. Holt, Victor B. Rogers, Arthur Mitchell, Austin, for appellant.

Jones, Herring & Jones, Austin, for appellee.

GRAY, Justice.

Appellant and appellee were formerly husband and wife and lived together as such until some time prior to February 4, 1953, when appellee filed her suit for divorce. In her petition for divorce appellee alleged that she and appellant had no community property. Appellant waived the issuance and service of citation on him and in such waiver, which was duly sworn to, he stated he had read a copy of plaintiff's petition, and entered his appearance for all purposes. Thereafter on March 10, 1953, the cause came on for trial, appellant made no further appearance, and a judgment was rendered awarding appellee a divorce and finding "that plaintiff and defendant have no community property." This cause will be later referred to by its number 94,-775.

On October 11, 1957, appellant filed this suit and alleged that he and appellee were divorced March 10, 1953, and that during their marriage they acquired and became the joint owners of the following personal property:

"a. $2,955.60 on deposit in a joint Savings Account in The Mutual Savings Institution, Austin, Texas.

"b. One (1) carat diamond ring (man's mounting), which has a market value of approximately $700.00."

He alleged that the ring was in appellee's possession and prayed that the property be partitioned.

Appellee answered and plead the judgment in Cause 94,775 as res judicata and as an estoppel against appellant in this cause and subject to those pleas filed a general denial.

There was no pleading or testimony of fraud, concealment or other acts of appellee urged to avoid the judgment rendered in Cause 94,775. The petition, waiver and judgment in that cause were introduced in evidence in this cause.

A nonjury trial was had, the pleas of res judicata and estoppel were overruled, and upon hearing the evidence a judgment was rendered that appellant take nothing by his suit.

Findings of fact and conclusions of law were not requested and none were filed.

Appellant here presents one point which is:

"The Trial Court erred in rendering judgment against this Appellant for a partition of the personal property which was the joint property of himself and his wife, for the evidence establishes that he and his wife, Appellee, partitioned the community property of himself and his wife, prior to the institution of the proceedings for a divorce by Appellee, and therefore, he and Appellee were the joint owners of said property in equal shares."

In his brief appellant says:

"The parties to a marriage, contemplating a permanent separation or a divorce, may, verbally, settle all their community interests, by effecting a partition of these interests; thereafter, they are no longer common owners in the sense of community property owners, but as cotenants."

We may here accept the above statement and add that thereafter the joint owners of such property are entitled to a partition thereof in the same manner as if they had never been married. Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102. And a partition of property subsequent to divorce is not made as a division of property under Art. 4638, Vernon's Ann.Civ.St., in a divorce suit. Swearingen v. Swearingen, Tex.Civ.App., 193 S.W. 442, 450. Er.Ref. However here the only question presented is: Whether the parties made the alleged partition prior to the divorce? There is an implied finding that they did not.

The judgment rendered in this cause that appellant take nothing by his suit proceeds no further and contains no finding that there was or was not community property, or, if there was, that it was or was not partitioned by agreement of the parties or otherwise. However appellant by his point supra here presents the issue of partition by agreement of the parties.

The issue of partition was not pleaded but apparently was tried by agreement.

We will examine the evidence as it relates to the point presented.

Appellant was asked and testified as follows:

"Q. Now, Mr. Nelson, with respect to this divorce action, at the time of the institution of that divorce, did you have a conversation with Mrs. Nelson? A. Yes, sir; my understanding was that—

"Q. Where did you have this conversation? A. In Mr. Houston Jones' office.

"Q. What was the occasion for you being in Mr. Houston Jones' office? A. I went up there to sign the waiver.

"Q. Was your wife there? A. Yes, sir.

"Q. Incident to that waiver and the divorce petition, did you have a conversation with Mrs. Nelson? A. Well, my understanding was that the community property would be divided equally, what we had.

"Q. Well, you say you had an understanding. What was that based on? A. Well, money and property.

"Q. Well, did she say that or did you say it, or who said it? A. Both of us.

"Q. Did you have a discussion with her about your property? A. We did on the way up there, yes, sir, and even in the office.

**126**

"Q. What was said by you or by her? A. Houston Jones asked us if we had any community property, and we both said 'No.' and we had an understanding that it would be divided; so the divorce procedure and everything went on through that same way.

"Q. Afterwards, did she divide the bank account with you? A. No, sir, I have never talked to her since the divorce; she left Austin and was gone a year, about a year.

"Q. And you have never gotten any part of the funds? A. Not any, no, sir.

"Q. Or seen your diamond ring? A. No, sir."

In response to a question propounded to her relative to the agreement testified to by appellant appellee said:

"We made no arrangements whatsoever. We went up there to file the divorce, and Mr. Jones, Mr. Houston Jones, asked if there was any community property, and Mr. Nelson stated, 'No; it is all hers. I don't own anything;' and he signed the paper and left."

Mrs. Emma Nowotny testified that she was well acquainted with appellant and with appellee and that on several occasions appellant had told her "I have no claim to anything. What we have is Lucille's"; that she heard him make the statement shortly before the divorce, and that she and appellant had "discussed it quite a bit."

■ Certainly the evidence is sufficient to support an implied finding of the trial court that the agreement asserted by appellant was not made and appellant's point is overruled.

The judgment of the trial court is affirmed.

Affirmed.