Christine WEATHERALL, Appellant,

v.

Tommie Lee WEATHERALL, Appellee.

No. 14821.

Court of Civil Appeals of Texas.

Houston.

May 26, 1966.

Mabel Grey Howell, Houston, for appellant.

Bert E. Derden, M. G. Nahas, Jr., Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a judgment granting appellee a divorce, dividing the community property, finding a certain tract of land was the separate property of appellant, and awarding appellee a judgment against appellant for $3,250.00 which allegedly represented appellee's portion of expenditures made from the community to improve this separate tract of land. The judgment for divorce is not attacked. Only the part of the judgment that divided the property is attacked.

Appellee filed suit for divorce and alleged the ownership by the community of specified property, including the marital home. It is this home property that is the real source of dispute. Appellant filed an answer consisting of a general denial and cross-action, and her petition merely makes reference to community property. In none of the pleadings was the home property described as appellant's separate property though admittedly it was. No pleading suggested that community funds had been employed to make improvements on the lot which is admittedly her separate property.

On January 28, 1965, the cause came on for trial and the trial court, as evidenced by its docket entry of that date, rendered the following judgment: "Pl in per ≠ by atty—Def by atty *Pl granted Div*— No ch—Pl awarded car & Lot—Tools ≠ 3250 Cash—Def. Home, Furn—Car."

This judgment was rendered at the term of court that began September 1, 1964, and would expire August 31, 1965. Article 2338–11, Vernon's Ann.Tex.Civ.St.

No written draft of the judgment reflecting the judgment rendered was signed by the trial judge.

On June 2, 1965, after appellant's original attorneys had been permitted to withdraw as counsel, appellant's present counsel filed what is denominated "Defendant's and Cross-Plaintiff's Motion to Set Aside Docket Entry for Division of Property and Grant a Hearing on Division of Community Property." The motion is lengthy, but it is material to note that it asserts the effect of the docket entry was to divest appellant of title to her separate real estate, and also the division of the property was inequitable. Too, of real significance is the assertion here that the trial court interpreted his docket entry, as shown by the written draft signed September 15, 1965, as the judgment he actually rendered, and in the written draft of the judgment he found the marital home to be appellant's separate property but gave appellee recovery of $3,250.00 for his share of the community employed in adding improvements to the separate real estate. At the time of the rendition of judgment, as evidenced by the docket entry, there was no pleading by appellee seeking reimbursement. In fact, no pleading suggested any separate property or the employment of community funds for its improvement.

On September 15, 1965, the appellee filed a reply to appellant's motion. The effect of the reply was to assert that if the home was appellant's separate property, various amounts of the community had been employed to make improvements and appellee was entitled to reimbursement for his share of such expenditures and this should constitute a charge against the separate property.

Prior to the filing of this reply and on September 7, 1965, appellee filed a motion

to enter judgment on the judgment rendered January 28, 1965. The proposed judgment attached to the motion, which was the judgment signed on September 15, 1965, found the home place to be the separate property of appellant and adjudged title in her. It also gave appellee personal judgment against appellant for $3,250.00 as his part of community funds used in making improvements on the property.

After the first above motion of appellant was filed and on August 20, 1965, the court, as shown by the statement of facts, held a hearing. At such hearing it was agreed that the home place was appellant's property. We need not notice the testimony, but it suffices to say that it was of a nature dealing with whether in fact there was any community fund that went into the property. This was a proceeding under appellant's alternate plea that under Rule 270, Texas Rules of Civil Procedure, no judgment having been entered the court could reopen the case.

After brief testimony the court recessed the case until August 26, 1965. The next proceeding, as shown by the statement of facts, is reflected by a hearing on September 15, 1965. The statement of facts of that date reflects that on August 26 the court refused to proceed further with the hearing started August 20 and that on August 26 there was no pleading by appellee of any community expenditures on the home place, his reply to appellant's motion not having been filed until September 15. The court then stated he was finding the judgment which appellee had moved on September 7 to be entered was the judgment he had entered (rendered) and he was going to enter it. The court thereupon signed the judgment appealed from.

The effect of all of the above is that the court rendered a judgment on January 28, 1965, finding among other things that the home place was the separate property of appellant, dividing certain community property, and giving a personal judgment against appellant in favor of appellee for $3,250.00 as his share of the community used in improving the home. There was no pleading to support such a recovery. Too, the effect of the court's action in entering the judgment rendered earlier was to deny appellant's motion to reopen the case.

We are of the view that the trial court was in error in rendering judgment on January 28, 1965, finding the home place to be separate property of the appellant and giving judgment to appellee for $3,250.00 as his share of the community that was expended on improvements to such separate property. Of course, appellee later agreed the home was appellant's separate property, but there was no pleading prior to rendition of judgment asserting any right to reimbursement. Too, the measure of recovery where community expenditures have been made on separate property is not the amount expended but the amount that such expenditures have enhanced the value of the property. Burton v. Bell, 380 S.W.2d 561 (S.Ct.); Lindsay v. Clayman, 151 Tex. 593, 254 S.W.2d 777 (S.Ct.); and Allen v. Allen, 101 Tex. 362, 107 S.W. 528. The judgment must conform to the pleadings. Rule 301, T.R. C.P. This error requires reversal.

It is argued by appellee that since there is no statement of facts on the initial trial, it will be presumed there was evidence to support the judgment. We do not think this rule applicable where the court's judgment adjudicates matters not raised by the pleadings unless the court's judgment affirmatively reflects trial by consent. This judgment does not so reflect.

Our disposition makes it unnecessary to discuss appellant's other points.

Reversed and remanded.

COLEMAN, J., not sitting.