**Alvin Loraine TOWNSEND, Appellant,**

v.

**Cleo Nell TOWNSEND, Appellee.**

No. 8479.

Court of Civil Appeals of Texas, Amarillo.

June 17, 1974.

Ochsner & Baughman, Frank J. Baughman, Amarillo, for appellant.

Jack Hazlewood, Amarillo, for appellee.

REYNOLDS, Justice.

The single question presented in this appeal from a default divorce decree is whether pleadings of specific delimitation of the estate of the parties to be divided will support a judgment making a division of the defaulting party's separate property not embraced within the pleadings. The question requires a negative answer. Affirmed in part; reversed and remanded in part.

A chronological statement of the events properly positions the question. Reference to the details of the pleadings is confined to their materiality to the issue presented.

On the thirty-fifth day following their marriage, Cleo Nell Townsend initiated proceedings by a verified petition to dissolve her matrimonial bonds to Alvin Loraine Townsend. Attesting that no community property had been accumulated except personal effects which should be awarded to the party having possession, Mrs. Townsend pleaded that Mr. Townsend had made a gift to her or to their community estate of one-half of his bank account of $7,200 and all of the household furniture, appliances and fixtures owned by him before the marriage and located in her home, which she alleged to be her separate property. She then prayed specifically that the court find that no community property had been accumulated by the parties, except as set forth in her pleadings; that her home, and the furniture therein acquired by gift from Mr. Townsend, be declared to be her separate property; that the joint banking account is owned by the parties, share and share alike, either as' community property or as jointly-held property; and that she have judgment for all of her separate property and her interest in the community property. The petition concluded with a prayer for general relief as to the whole case.

Mr. Townsend did not file an answer. On the day of and just before the divorce hearing, counsel of record for Mrs. Townsend and Mr. Townsend's attorney engaged in a telephone conversation. Although some of the purported subject matters discussed are disputed and particularly whether there was any discussion about the property, if any, remaining for division, there is no dispute that Mrs. Townsend's counsel stated he was going to proceed on the petition which, admittedly, was never amended. Mr. Townsend made no appearance, either personally or by his attorney, at this hearing.

The trial court entered a default judgment dissolving the bonds of matrimony between the parties, granting Mrs. Townsend's plea for restoration of her former name of Cleo Nell Farley and, upon findings that shortly prior to and shortly subsequent to the marriage Mr. Townsend made gifts to Mrs. Townsend of:

"A. A one-half interest in a bank account . . . in the amount of $7,400.00 . . . .

"B. A one-half interest in a promissory note, executed . . . in the amount of $7,500.00, . . .

"C. The following items of household furniture, to-wit:"

(listing individual items, which the court found Mr. Townsend had removed in violation of a restraining order and now has in his possession);

the court decreed that Mrs. Townsend recover of and from Mr. Townsend "the sum of $7,450.00, and that she recover *all of the aforesaid items of personal property which are herein ADJUDGED to be her separate property* and for which a writ of possession shall issue." (Emphasis supplied).

Within the thirty-day period following, but more than ten days after, the entry of judgment, Mr. Townsend filed a motion to set aside and vacate the judgment on the ground, among others not brought forward on appeal, that the portion of the judgment decreeing a division of the property was not supported by the pleadings. It was asserted that this decretal portion of the judgment not only awarded Mrs. Townsend a money judgment predicated on the value of Mr. Townsend's separate property, but vested title to all of his separate property in Mrs. Townsend in contradiction of her pleadings. At the conclusion of a hearing thereon within the period the trial court still retained jurisdiction over its judgment, the court overruled and de-

nied the motion, but "clarified" its judgment as follows:

"The judgment was intended and should be construed as awarding to the plaintiff her interest in the bank account and (the promissory) note in that part hereof which is a money judgment. That part thereof which awards her 'all of the aforesaid items of personal property' is limited to the items in paragraph C thereof."

Except for the question of whether the pleadings support the portion of the judgment dividing the property, no complaint is otherwise made to the judgment. In connection with the question presented, the parties are agreed that Mrs. Townsend's home, which was not described in the division of property made by the court in disregard of her plea, is her separate property. They are equally agreed that the bank account, the promissory note and the furniture originally were the separate property of Mr. Townsend.

■ The rule, of course, is that the judgment of the court shall conform to the pleadings and the nature of the case proved. Rule 301, Texas Rules of Civil Procedure. The rule has been stated to have application respecting the property involved in divorce cases. Borton v. Borton, 190 S.W. 192 (Tex.Civ.App.—Galveston, 1916, writ ref'd); Lowery v. Lowery, 136 S.W.2d 269 (Tex.Civ.App.—Beaumont 1940, writ dism'd). Thus, a judgment that fails to conform to the pleadings is erroneous, for proof, without pleadings, can form no basis for a judgment. Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130 (1942).

■ Nevertheless, on contentions that in a divorce proceeding the trial court acquires jurisdiction over all the estate of the parties by authority of, and has a duty to order a division of both the community and separate estates under, the mandatory provisions of V.T.C.A., Family Code § 3.-63, Mrs. Townsend argues that it is not necessary that the pleadings specifically tabulate the items of martial property in order to invoke the trial court's jurisdiction over, or to authorize in the judgment a division of, the property of the parties. Cases illustrative of the stated propositions are cited. Bearing in mind that it is when the divorce suit pleadings show the existence of property that the statute imposes the duty on the trial court to make a division of such property, Hailey v. Hailey, 160 Tex. 372, 331 S.W.2d 299 (1960), suffice it to remark, sans particularization of their facts, that all of the cited cases speaking to the matter of the sufficiency of the pleadings to support the judgment recognize the authority of the trial court to construe the general pleadings in a divorce case more liberally than in other civil cases. In this context, these cases do no violence to the statutory rule; indeed, they support and follow it.

■ In the record we review, Mrs. Townsend's pleadings demarcating the property of the parties are not general pleadings subject to liberal construction; rather, they are sworn pleadings of delimitation, coupled with the same delimiting prayer, to which the judgment is required to conform. And even Mrs. Townsend's concluding prayer for general relief cannot support the judgment for anything which is expressly excepted therefrom by the other portions of her pleadings. Yett v. Cook, 115 Tex. 205, 281 S.W. 837 (1926). By limiting her pleadings to other tabulated items of property, Mrs. Townsend did not put in issue the matter of the promissory note that was Mr. Townsend's separate property, and in this respect the judgment is erroneous. Lowery v. Lowery, supra.

Mrs. Townsend suggests that if it be determined that the judgment is infected with the omission of the promissory note from the pleadings, the judgment should be affirmed in all respects except for a limited remand for trial of the matter of the promissory note only. This procedure was followed in Lowery v. Lowery, supra.

We have concluded, however, that this is a proper case for the exercise of our discretion to remand for trial, in the interest of justice, that part of the proceeding respecting all of the property of the parties. See Scott v. Liebman, 404 S. W.2d 288 (Tex.1966). This is for the reason that the trial court should be permitted, under proper pleadings, to consider all of the property in making the equitable division justified by the various factors relevant to this marriage of one month.

That portion of the judgment dissolving the bonds of matrimony between the parties and restoring Mrs. Townsend's former name is affirmed. That portion of the judgment respecting the division of the property of the parties is severed and reversed, and the issue of the division of the property of the parties is remanded for a new trial.