**Tom WACHENDORFER, Appellant,**

v.

**Margaret Elizabeth WACHENDORFER, Appellee.**

No. 17904.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Feb. 26, 1981.

Rehearing Denied April 30, 1981.

Andrew L. Jefferson, Jr., Jefferson, Wallis & Sherman, Houston, for appellant.

Charles J. Brink, Houston, for appellee.

Before COLEMAN, C. J., and PEDEN and SMITH, JJ.

PEDEN, Justice.

Tom Wachendorfer appeals only from the division of the community estate in a divorce decree and from the awarding of $355,675 to Margaret Elizabeth Wachendorfer as her share of reimbursement to the community estate for enhancement of the husband's separate corporation. Mr. Wachendorfer complains that the trial court erred in submitting an enhancement issue, special issue 3, to the jury and in relying on the jury's answer to it because 1) it was not raised by the pleadings, 2) there was no evidence, or, in the alternative, factually insufficient evidence of enhancement for purposes of reimbursement to the community estate, 3) because reimbursement was awarded, not for funds but for time, labor, and efforts, and 4) because the form of the special issue was defective. The appellant also urges that the trial court abused its discretion in the division of the community estate. We sustain the husband's first two points. We reverse and remand all the provisions of the decree relating to the property division, leaving the remainder of the decree undisturbed.

The husband's first point of error is: The trial court erred in submitting special issue no. 3 to the jury for the reason that there were no pleadings to support the issue of enhancement for purposes of reimbursement to the community estate.

Special Issue No. 3 asked:

What amount of money, if any, do you find from a preponderance of the evidence Tom Wachendorfer and Margaret Elizabeth Wachendorfer contributed by time, labor and efforts since August 24, 1973 to this day to enhance the fair market value of Tom Wachendorfer Associates, Inc. above any salary that Tom Wachendorfer may have received as an official of said corporation.

The jury answered: "$800,000."

The wife's pleading alleged 1) that she should be awarded a substantial portion of all property, 2) that Mr. Wachendorfer should be required to file a sworn inventory and appraisement of all the separate and community property owned by the parties, and 3) that he should be ordered to produce copies of the parties' income tax returns for 1973–78. In addition, the court was requested in her cross-petition to grant a temporary restraining order enjoining the husband from, among other things:

1. Selling, ... or alienating any of the parties' property, *whether personalty or realty and whether separate or community,* other than in the ordinary course of business.

.     .     .     .     .

6. Hiding or concealing *any* property belonging to Cross-Petitioner *or* to Cross-Respondent. (emphasis added)

■ Rule 301, Tex.R.Civ.P., requires that the judgment of the court conform to the pleadings. The spouse seeking community reimbursement for enhancement of the separate estate of the other spouse has the burden of pleading and proving the amount of the community contribution and the enhanced value. *Lindsay v. Clayman*, 151 Tex. 593, 254 S.W.2d 777 (1952). In *Weatherall v. Weatherall*, 403 S.W.2d 524 (Tex.Civ.App.1966, no writ), this court reversed and remanded that portion of a divorce judgment which gave the husband a personal judgment against the wife for his part of community funds expended on improving the wife's separate realty where no pleadings had asserted the reimbursement claim.

■ In the instant case, the wife's cross-claim does suggest the existence of separate property, but no pleading expressly asserts the right to community reimbursement. She argues that the trial court's power to construe general pleadings more liberally in divorce cases than in other civil suits is sufficiently broad to support its submission of special issue No. 3. Her position is that by pleading "There are many equities in Cross-Petitioner's favor," and by alleging that she should be awarded a substantial portion of all property, she put Mr. Wachendorfer on notice of the reimbursement claim and directed the court's attention to the same. We do not agree.

During the trial, the appellant's lawyer objected to the admission of any testimony directed toward any contribution to the community for enhancement of the husband's separate property on the basis that such a claim had not been pleaded, but the wife did not amend her pleadings. Appellant's counsel also preserved error by objecting to the submission of Issue 3 on the ground that the appellee's pleadings did not contain any allegation as to reimbursement.

We sustain the first point of error.

Since this cause must be remanded we will discuss briefly some of the problems that will recur.

The appellant's basic point of error concerning availability of the enhancement doctrine is his fourth one:

The trial court erred in submitting special issue no. 3, relating to the question of enhancement and reimbursement, since reimbursement was not claimed for money contributed by the community estate to husband's separate estate but was limited to a claim for "time, labor and efforts".

The appellant cites *Hale v. Hale*, 557 S.W.2d 614 (Tex.Civ.App.1977, no writ), for its holding that a spouse who contributes community labor, talents, and industry to enhance the value of the other spouse's separate estate should not be reimbursed for his community share of the enhanced value unless community funds were used in payment of the costs of the improvements. In that case a construction worker spent 350 hours of his time in remodeling his wife's separate house, but spent no funds on it. The court held that he was not entitled to reimbursement for enhancement, but said that if he had spent the 350 hours on his job and had used the funds thus earned on the remodeling work, reimbursement would have been allowed. (It appears, however, that the court did permit recovery for part of the time expended by the husband). This holding has been criticized. See Castleberry, Constitutional Limitations of the Division of Property Upon Divorce, 10 St. Mary's L.J. 37, 64 (1978) and McKnight, Family Law: Husband and Wife, 32 Southwestern Law Journal 109, 125–126 (1978).

The Texas Supreme Court stated in *Furrh v. Winston*, 66 Tex. 521, 1 S.W. 527, 529 (1886), the Texas rule that "the community estate must be reimbursed for the cost of buildings erected by joint *labors or funds* upon the separate property of one of the spouses, and, in effect, this vests the improvement in that spouse, and entitles the other to one-half of the cost." (emphasis added) "This proposition of law has be-

come one well recognized by later decisions", the court said in *Burton v. Bell*, 380 S.W.2d 561, 565 (Tex.1964), and it was cited with approval in *Dakan v. Dakan*, 125 Tex. 305, 83 S.W.2d 620 (1935). Although we are not aware of any recovery in Texas by a spouse for the contribution of community labor to the enhanced value of the other spouse's separate corporation, we cannot say that there can be no such recovery under Texas law. We overrule this point.

For a comprehensive discussion of the right of reimbursement, see 3 L.M. Simpkins, *Texas Family Law* (Speer's 5th Edition) § 22:38.

We think no useful purpose would be served by fully discussing the evidence offered as to enhancement in the value of the corporation in our case, but we should not be understood to hold that we consider it sufficient to raise Issue No. 3. Nor do we consider that issue to have been submitted in proper form; however, it does not appear that the appellant preserved error as to its form.

Our disposition of this case makes it unnecessary for us to discuss the appellant's sixth point.

We think this is a proper case for us to remand to the trial court, in the interest of justice, that part of the proceeding that concerns the property of the parties. The trial court can then, under proper pleadings, consider and make an equitable distribution of all of the property of the parties. See *Scott v. Liebman*, 404 S.W.2d 288 (Tex. 1966), and *Townsend v. Townsend*, 511 S.W.2d 424 (Tex.Civ.App.1974, no writ).

We affirm that part of the divorce decree that dissolved the marriage, determined custody of the children, and fixed the terms of their support. That part of the decree respecting the division of the property of the parties is severed and reversed, and that issue is remanded for a new trial.

### ON MOTION FOR REHEARING

In response to a request by the appellant, we state that this cause is remanded for a new trial of the issues of 1) the division of the parties' property and 2) reimbursement to the community estate for enhancement, if any, in the value of the corporate stock in Tom Wachendorfer, Inc. (provided the wife's pleadings are properly amended to raise this issue).

The trial court's determination that the husband's corporate stock is his separate property was not challenged on appeal and is not one of the issues on remand.

The motions for rehearing are overruled.