Douglas Wayne **WORKINGS**, Appellant,

v.

Virginia Mae **WORKINGS**, Appellee.

No. 05–84–00725–CV.

Court of Appeals of Texas,
Dallas.

Oct. 23, 1985.

Ronald D. Hinds, Dallas, for appellant.

H. Ownby, Crim. Dist. Atty. of Collin County, McKinney, for appellee.

Before GUITTARD, C.J., ALLEN and DEVANY, JJ.

DEVANY, Justice.

This is a divorce action. In two points of error, appellant, Douglas Wayne Workings (petitioner below), claims the trial court erred in awarding 41% of his military disability retirement benefits, which he claims as his separate property, to his wife. Because the trial court erroneously classified the retirement benefits as community rather than separate property, we reverse and remand the division of the retirement benefits.

Mr. and Mrs. Workings were first married on November 18, 1946. Mr. Workings was at that time in the service of the United States Navy and had been since February 22, 1943. He continued his career with the Navy until November 22, 1963, when he retired due to a disability.

On November 20, 1968, Mr. and Mrs. Workings divorced for the first time. The relevant portion of the divorce decree in that case provided: "The Court further finds that the parties have heretofore divided their community property and that there is no necessity for making any further or-

der with respect thereto." Thereafter, Mr. Workings continued to receive the full retirement benefits from the Navy. The Workings reconciled and remarried in August of 1969. They separated again in 1981 and Mr. Workings filed this divorce action on August 18, 1981.

At trial, Mr. Workings testified that as part of the 1968 community property agreement (the first divorce), he was to receive all of the military retirement benefits. Mrs. Workings testified that she was to receive one-half of the benefits. The trial court found the retirement benefits (in the second divorce) to be community property in its findings of fact and conclusions of law and awarded 41% of the military retirement benefits to Mrs. Workings as part of the property division.

In his first point of error, Mr. Workings asserts that the judgment of the trial court does not conform to Mrs. Workings' pleadings. We disagree. The general rule that the judgment must conform to the pleadings applies to the division of property in divorce cases. *Townsend v. Townsend*, 511 S.W.2d 424, 426 (Tex.Civ. App.—Amarillo 1974, no writ). However, because of the trial court's duty under section 3.63 of the Texas Family Code to divide the estate of the parties in a divorce action, the trial court may construe the pleadings pertaining to the division of property more liberally than in other civil cases. TEX.FAM.CODE ANN. § 3.63 (Vernon Supp.1985). *Buchan v. Buchan*, 592 S.W.2d 367, 372 (Tex.Civ.App.—Tyler 1979, writ dism'd w.o.j.). Thus, a prayer for general relief, at least in the absence of a special exception, entitles a petitioner in a divorce action to "her proven rights, insofar as the laws of this state entitled the court to award them." *Scott v. Fort Worth National Bank*, 125 S.W.2d 356, 362 (Tex.Civ.App.—Fort Worth 1939, writ dism'd w.o.j.)

Here, Mr. Workings prayed for the division of community property, and specified how the court should do so. Mrs. Workings' cross-petition stated, "Cross-Petitioner should be awarded a substantial portion of the estate of the parties," and contained a prayer for general relief. We hold these pleadings were sufficient to authorize the trial court to divide the *community property* of the parties, and to partition their jointly held separate property according to their respective interests therein. *See Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 141–42 (Tex.1977); *Scott*, 125 S.W.2d at 362. *See also Waggener v. Waggener*, 460 S.W.2d 251, 253 (Tex.Civ. App.—Dallas 1970, no writ) (in the absence of a showing of surprise in a divorce action, the overruling of defendant husband's special exception, which alleged wife's prayer for "the full relief available to her" regarding the division of property rights, was not error). We, therefore, overrule Mr. Workings' first point of error.

Our discussion thus far has concerned only the trial court's authority to make a determination of the parties' respective property rights. We turn now to the correctness of the actual division that it made. This is the subject of Mr. Workings' second point of error, in which he claims that the retirement benefits are his separate property under the 1968 property agreement, and that the trial court, therefore, erred in granting 41% of those benefits to Mrs. Workings.

As we will discuss below, upon the termination of a marriage, any property held by the former husband and wife as community property becomes their separate property. At the time of the first divorce, the community property held by the parties either became their separate property according to the terms of the purported property agreement, or, if there was no agreement, they became tenants-in-common of undivided separate property.

It is unclear from the record before us whether there was in fact any agreement between Mr. and Mrs. Workings upon their first divorce. Mr. Workings claimed the retirement benefits were to be his separate property; Mrs. Workings testified that she was to get one-half. We find this is an issue the trial court should have addressed.

We note that at the time of the first divorce, if there was an agreement, there was no requirement that it be in writing. *Loston v. Loston,* 424 S.W.2d 316, 318 (Tex.Civ.App.—Houston [14th Dist.] 1968, writ dism'd w.o.j.); *Nelson v. Geib,* 314 S.W.2d 124, 125 (Tex.Civ.App.—Texarkana 1958, writ dism'd w.o.j.).

If the parties had not divided their community property at the time of their first divorce, then they held the military disability retirement benefits as tenants-in-common, each with an undivided *separate interest* in the property.[1] *Busby v. Busby,* 457 S.W.2d 551, 554 (Tex.1970). The remarriage did not affect this classification. *McDaniel v. Thompson,* 195 S.W.2d 202, 204 (Tex.Civ.App.—San Antonio 1946, writ ref'd).

Whatever rights Mrs. Workings had in the military benefits were established on the date of the first divorce. If there was no property settlement agreement with respect to the military benefits, then the interest of each spouse would be determined by multiplying one-half times the fraction formed by dividing the number of months the couple was married by the total number of months of military service that entitled Mr. Workings to his retirement benefits. *Taggart v. Taggart,* 552 S.W.2d 422, 424 (Tex.1977); *see Berry v. Berry,* 647 S.W.2d 945 (Tex.1983). In this disability retirement case, the formula would work out as $\frac{1}{2} \times 204/249 = 204/498 = 41\%.$

We note that this is the same formula the trial court used when it divided the retirement benefits. Therefore, if the benefits did become jointly owned separate property at the time of the first divorce, the trial court's error in misclassifying the character of the property was harmless and would not require reversal. *Mundy v. Mundy,* 653 S.W.2d 954, 957 (Tex.App.—Dallas 1983, no writ); *Smith v. Smith,* 620

S.W.2d 619, 625 (Tex.Civ.App.—Dallas 1981, no writ).

The problem, however, is that the trial court misclassified the retirement benefits as community property and made no determination as to whether there was a valid property agreement awarding the benefits at the time of the 1968 divorce. Additionally, we may not presume that the trial court below made the finding of fact that there was no enforceable agreement in 1968. We know that the trial court below did make some findings of fact and conclusions of law, but made none on any of the elements of this possible ground of recovery for Mrs. Workings. TEX.R.CIV.P. 299; *see Turner v. Lutz,* 654 S.W.2d 57, 58–59 (Tex.App.—Austin 1983, no writ).

If there was an agreement in the 1968 divorce to award the retirement benefits to Mr. Workings, then his retention of those benefits was proper. The trial court had no authority to change the division of that separate property in the second divorce decree. *Cameron v. Cameron,* 641 S.W.2d 210, 219–20 (Tex.1982). We must, therefore, reverse and remand that part of the judgment dividing the retirements benefits without first making a determination of the ownership of those benefits arising from the first divorce. We note that Mr. and Mrs. Workings stipulated to the division of their other community property. We, therefore, affirm the judgment in all other respects.

Reversed and remanded only to determine ownership in the retirement benefits resulting from the first divorce. All costs of this appeal are assessed against the appellee.

---

1. The 1968 divorce was, of course, prior to *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), in which the United States Supreme Court held the Supremacy Clause prohibits the states from dividing military retired pay as community property. The Texas Supreme Court has held that *McCarty* is not to be applied retroactively. *Segrest v. Segrest,* 649 S.W.2d 610 (Tex.1983).