**Patience Ann PAYNE, Appellant,**

v.

**Sam W. LAUGHLIN, Appellee.**

**No. 17937.**

Court of Civil Appeals of Texas, Dallas.

Sept. 28, 1972.

Wm. Andress, Jr., Andress & Woodgate, Dallas, for appellant.

Gene L. McCoy, Corbet F. Bryant, Jr., Carrington, Coleman, Sloman, Johnson & Blumenthal, Dallas, for appellee.

BATEMAN, Justice.

Appellant sued appellee, her former husband, for damages, alleging that after their divorce he kept her under surveillance, interfered with her privacy and her business relationships, and fomented and incited litigation against her. When she rested, the court on motion withdrew the case from the jury and rendered judgment that she take nothing. We affirm.

■ Accepting as true all of the evidence introduced by appellant, indulging all reasonable inferences therefrom in her favor, and discarding all evidence to the contrary, we are unable to find in this record any evidence to support any right of recovery based upon any of appellant's complaints.

Her chief complaint was that after the divorce appellee saw a car bearing an Oklahoma license plate in her driveway, and took it upon himself to investigate and ascertain that it was registered in the name of Henry Fink, of Lawton, Okla-

**194**

homa, after which he relayed this information to Fink's wife Gladys, after which Mrs. Gladys Fink sued appellant for damages for alienating her husband's affections. Appellant incurred and paid substantial sums in defense of that suit, and in about eighteen months it was dismissed. She contends appellee was shown to have been guilty of the offense of barratry, for which he is liable to her in damages. However, her evidence falls far short of even making a prima facie case of violation of the barratry statute.

Tex.Pen.Code Ann. art. 430 (1952) defines the offense of barratry as willfully instigating, maintaining, exciting, prosecuting or encouraging litigation for profit or with intent to distress or harass the defendant. There was no evidence that appellee excited or encouraged Mrs. Gladys Fink to sue appellant, or that he received or expected to receive any profit out of the alienation suit, or that he had any intent to distress or harass appellant by exciting or encouraging the filing of that suit.

 Appellant testified that she had discovered appellee trespassing on her home property on two occasions, and that she had found an electrical device in the attic of her garage which she assumed was evidence that her telephone had been tapped. She also testified that an explosion had destroyed her mailbox and that appellee seemed to know immediately that she had reported it to the postal authorities by telephone. She argues that in view of appellee's unfriendly attitude toward her, "this was sufficient evidence to go to the jury, and the case should have been submitted." We do not agree.

In the first place, there was no pleading of trespass, telephone tapping, or mailbox damage. A party cannot properly be awarded a judgment upon a theory not disclosed by his pleadings. Radcliff v. Clemons, 265 S.W.2d 182, 184 (Tex.Civ.App., Galveston 1954, writ ref'd n. r. e.); Rule 301, Vernon's Texas Rules of Civil Procedure; Oil Field Haulers Ass'n v. Railroad Commission, 381 S.W.2d 183, 191 (Tex. Sup.1964).

Moreover, there was no evidence connecting appellee with the tapping of appellant's telephone or the damage to her mailbox. She would have us infer from her finding of a small electrical device in the attic of her garage that this constituted a tap of her telephone, and from appellee's unfriendly attitude and threats that he was responsible for the tapping. We are also asked to infer from appellee's knowledge of her report of the mailbox damage that by means of the wiretap he eavesdropped on her report to the postal authorities. It is impermissible to allow "a presumption of fact to rest upon a fact presumed." East Texas Theatres, Inc. v. Rutledge, 453 S. W.2d 466, 469 (Tex.Sup.1970). As stated by Chief Justice Calvert, speaking for the Supreme Court in Schlumberger Well Surveying Corp. v. Nortex Oil & Gas Corp., 435 S.W.2d 854, 858 (Tex.Sup.1968), "a vital fact may not be established by piling inference upon inference, as would be required in this case."

We agree with the trial court that appellant failed to make a case for the jury and that appellee was entitled to an instructed verdict.

Affirmed.