Robert J. ERGER, Appellant,

v.

Patricia ERGER, Appellee.

No. 18179.

Court of Civil Appeals of Texas,
Fort Worth.

Oct. 25, 1979.

Rehearing Denied Nov. 29, 1979.

Ray Gene Smith, Wichita Falls, for appellant.

Browning & Richie, and William V. Browning, Wichita Falls, for appellee.

## OPINION

SPURLOCK, Justice.

A husband appeals the property division portion of a divorce decree. He claims that he is entitled to a reversal because a complete statement of facts is not available and because the trial court abused its discretion in dividing the community estate.

We reverse and remand.

Robert and Patricia Erger were married in 1958. Mrs. Erger filed suit for divorce in 1976. At the time the divorce was granted all their children were above the age of 18 except Michael, who was 15 years of age at that time.

Erger claims the parties and the attorneys had an agreement concerning a division of the property and discussed it with the judge before the hearing. This is not in the record. The parties agreed during oral submission that no agreement concerning

the settlement was reduced to writing, signed and filed with the papers as a part of the record. No agreement was made in open court and included in the record, therefore, there was no compliance with Tex.R.Civ.P. 11. Neither the trial court nor this court is bound by any alleged agreement. Erger claims error because a complete statement of facts is not available. During oral submission Erger's attorney admitted that even though a court reporter was available neither party requested that the testimony be reported until some time after Mrs. Erger began testifying on direct examination. At that time Erger requested a court reporter and the testimony was thereafter reported.

■ Erger claims he is denied due process because the statement of facts is incomplete. After the court reporter was requested and began reporting the testimony, Erger did not attempt to have her repeat her unreported testimony so that it might be reported. She was the only witness who testified. During oral submission it was admitted that Erger was present during all of the proceedings but neither party called him as a witness. Therefore, we conclude that error, if any, was waived.

■ Erger challenges the trial court's finding that a house used as rental property on York Street is Mrs. Erger's separate property. It is undisputed that Erger conveyed that property to Mrs. Erger. She claims this conveyance constituted a gift of Erger's interest in the property and therefore it is her separate property. She testified that the gift was made in consideration of his love and affection for her. Erger claims that the deed was given to further secure a loan of $17,500.00 Mrs. Erger made to him out of her separate property to pay a debt he claims to be a community debt incurred in a business venture while the parties were married to each other. He contends that therefore it was community property. At the time of the loan Erger executed a note payable to Mrs. Erger in the amount of $17,500.00.

The trial court found that this house was her separate property. We hold there is sufficient evidence to support this finding.

The record indicates that Mrs. Erger's separate property consisted of real and personal property she inherited and a savings account of about $10,000.00. Also, the trial court deemed the York Street property to be her separate estate. The trial court awarded Mrs. Erger all of her separate property, both real and personal.

The trial court divided the community estate of the parties as follows:

AWARDED TO MRS. ERGER

| Description of property | Value |
| --- | --- |
| Residence on Hiawatha Street | $34,000.00 |
| Escrow account on residence | No evidence of value. |
| 1971 Chevrolet | No evidence of value. |
| Household furnishings | No evidence of value. |
| 102/246 interest of gross military retirement benefits | $298.24 per month. |
| Parker Square checking account | $1,054.00 |
| Burkburnett Savings account | $2,578.18 |
| Wichita Falls Teachers Credit Union | $2,263.23 |
| Teachers Retirement System account | $2,595.59 |
| Annuity | $3,058.10 |
| Jewelry and personal effects | No evidence of value. |
| TOTAL | $46,047.34 |

AWARDED TO MR. ERGER

| | |
| --- | --- |
| Note payable to Mrs. Erger marked paid in full | $17,500.00 |

| Description of property | Value |
|---|---|
| 144/246 interest in gross military retirement benefits | $602.04 per month. |
| 1978 Toyota | No evidence of value. |
| Household furnishings | No evidence of value. |
| Sheppard Federal Credit Union | $2,213.34 |
| Convest Energy | $1,100.00 |
| Continental Real Estate account | $2,500.00 |
| Pentagon Federal Credit Union account | $ 100.00 |
| Wichita Falls Teacher's Credit Union | $2,222.61 |
| Key-hoe Mutual Fund account | $ 600.00 |
| United Group Mutual Fund | $2,100.00 |
| Jewelry and personal effects | No evidence of value. |
| TOTAL | $28,937.99 |

Erger complains that the difference of over $17,000.00 in the division of the estate constitutes an abuse of the trial court's discretion in dividing the estate. It is well settled that the mere fact that the community estate is not equally divided does not constitute an abuse of discretion. However, this discretion is not unlimited and there must be some reasonable basis for the division especially when it is unequal. There are many factors to be considered in dividing the estate of the parties. They include the relative earning capacities, business experience, and education of the parties, the size of their separate estates, the age, health, and physical condition of the parties, fault in breaking up the marriage, and the benefits the innocent spouse would have received. *Cooper v. Cooper*, 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

No fault was pled nor proven. Mrs. Erger earns $1,100.00 per month from teaching school. She also admitted receiving $350.00 per month rental from the York Street property. We also note that while there is no evidence of the exact size of her separate estate it appears to be significant. Mrs. Erger was 42 years of age and Erger was 43 at the time this divorce was filed.

Erger's only separate property is his interest in Erger Farms. Erger Farms is the business venture which gave rise to the $17,500.00 note payable by Erger to Mrs. Erger. Mrs. Erger admitted that they were married at the time the Erger Farm debts were incurred. However, she attempted to characterize the debts as Erger's separate debts. She did admit, however, that had the business made a million dollars she would want the court to award her half of it.

The only income Erger has for which there is evidence in the record is his interest in military retirement benefits. The share awarded to him by the trial court is about $600.00 per month. We note that the decree requires him to pay $250.00 per month child support. He was awarded the note payable to Mrs. Erger, thereby cancelling the debt. While this does increase his net worth, we realize the $17,500.00 credit for the note is not cash or property which he could use to support himself.

We conclude Mrs. Erger has a greater earning capacity than Erger, has a significantly larger separate estate, and is of relatively equal age and experience. We find that the division of the estate by the trial court left Erger with relatively little, especially after the payment of child support. We hold that the division is unreasonable, unjust, and constitutes an abuse of discretion of the trial court.

The judgment of the trial court is reversed. The case is remanded for a new trial.