## TRANSPORT INTERNATIONAL POOL, INC., Appellant,

v.

## Alfred RANDALL, Appellee.

### No. A2364.

Court of Civil Appeals of Texas, Houston (14th Dist.).

May 14, 1980.

Raymond T. Matthews, Tekell, Book & Matthews, Houston, for appellant.

Jesse R. Funchess, Funchess, Charles, Long, Hannah & Fain, Morley H. White, Morley H. White & Assoc., Houston, for appellee.

Before BROWN, C. J., and MILLER and PRESSLER, JJ.

PAUL PRESSLER, Justice.

Respondent brought this action for personal injury and was awarded a default judgment in the court below. Petitioner seeks review of that judgment by writ of error. We reverse and remand.

This cause of action arose from injuries suffered by respondent when the truck and

trailer he was driving left the highway and overturned. The trailer had allegedly been leased from and maintained by petitioner. On August 12, 1976, respondent brought suit against petitioner, a foreign corporation authorized to transact business in Texas. Service of process was attempted by delivery in Harris County on August 18, 1976, of the citation to Ron Beck, a branch manager and purported agent for petitioner. Petitioner did not file an answer or waiver of process. On October 9, 1979, as petitioner had failed to enter an appearance, default judgment was entered for respondent for $75,000.00 plus reasonable attorney's fees, costs of court and interest.

Petitioner contests the judgment on two grounds. First, it contends that the trial court lacked personal jurisdiction over petitioner due to defective service of process. Second, it contends that the judgment is defective and cannot be enforced for failure to conform to the pleadings. We will address the latter contention first.

Respondent's petition sets forth negligence and strict tort liability as causes of action. The judgment, however, reads in part:

> [T]he Court having considered the Pleadings and finding that said cause of action is based upon an instrument of writing, and the Plaintiff's claim is fully liquidated, is of the opinion that judgment by default should be rendered against Defendant . . .. .

It is readily apparent that respondent's cause of action was not based upon an instrument, nor was the claim fully liquidated as damages for a tort were being sought.

As stated by the Texas Supreme Court, "It is the rule that . . . a default judgment . . . must accord with the pleadings. [Citations omitted.]" *Mullen v. Roberts*, 423 S.W.2d 576, 579 (Tex.1968). "A party cannot properly be awarded a judgment upon a theory not disclosed by his pleadings." *Payne v. Laughlin*, 486 S.W.2d 192 (Tex.Civ.App.-Dallas 1972, no writ); Tex.R.Civ.P. 301; 4 R. McDonald, Texas Civil Practice § 17.27

(rev.1971). Appellee argues that the recital portion of the judgment, quoted above, can be segregated from the decree portion since the decree portion makes no reference to a liquidated claim or written instrument. The decree portion could then, allegedly, be enforced as the final judgment, being in conformity with the pleadings and the evidence. We find this position untenable. The portion of the judgment quoted above is more than a mere recital, analogous to a finding of fact, incorporated within the judgment, which can be discarded or ignored due to a conflict with the decree portion of the judgment. Such is the typical fact situation where the courts have been willing to take the position asserted by appellee. In the case before us, the decree portion of the judgment clearly does not conflict with the quoted recital, but, to the contrary, is founded upon it. The evidence of this fact is the award of "reasonable attorney's fees." This case was based on a tort, and attorney's fees would not be recoverable. *New Amsterdam Casualty Company v. Texas Industries, Inc.*, 414 S.W.2d 914 (Tex.1967). However, the decree portion awards unspecified attorney's fees. This judgment cannot be divided and the offending portion ignored.

Our conclusion with regard to this issue obviates the need to review appellant's contention of inadequate service of process.

Reversed and remanded.