Thomas A. JANIK, Appellant,

v.

Amy Dee Wayne JANIK, Appellee.

No. C2861.

Court of Appeals of Texas,
Houston (14th Dist.).

March 4, 1982.

Bill Payne, Lawrence, Thornton, Payne & Watson, Sarah Ryan, Bryan, for appellant.

William R. Vance, Bryan, for appellee.

Before MILLER, MORSE and JAMES, JJ.

JAMES, Justice.

This is an appeal of a property division in a decree of divorce. Appellant, Thomas A. Janik, and Appellee, Amy Dee Wayne Janik, were granted a no-fault divorce due to the unsupportability of the marriage. He was appointed managing conservator of the minor child. Appellant appeals the division of the community estate on the grounds that the trial court abused its discretion. We affirm.

The parties were married on February 14, 1960, and lived together for approximately twenty years. One child was born to the marriage in 1964. During the early years of the marriage, appellant played football for the Denver Broncos, Buffalo Bills, and New England Patriots. After appellant retired from the National Football League (NFL), the parties bought the family residence. Prior to his retirement from the NFL, the parties purchased a Shipley Do-Nut business which appellant managed. The business was financially unsuccessful and had to be turned back to the original owner so as to cancel a substantial indebtedness. At the time of trial, appellant was working as a salesman for J. C. Penny Co., Inc., bringing home a little over $800.00 per month. The trial court made a finding that he intended to enter that company's executive training program. Although appellant's earnings at the time of trial were lower than appellee's, the trial court also made a finding that his earning capacity was greater because his long range project-

ed earnings could be much greater. Appellee did not work outside the home during the marriage until two years prior to the divorce. She went to work as a real estate agent at that time and up to the time of trial. The trial court made a finding that appellee earns a commission only upon the sale of property by her as an agent.

Prior to trial the parties stipulated the matters of the divorce and child custody. The division of the community estate was the only issue before the trial court. The community property was divided as follows:

### DIVISION OF COMMUNITY ESTATE
(Values as Found by Trial Court)

#### A.
#### WIFE'S ESTATE

| Item | Gross Value | Debt | Net Value |
|---|---|---|---|
| Home | $65,000.00 | $15,120.00 | $49,880.00 |
| Furnishings & Clothing | 1,000.00 | .00 | 1,000.00 |
| Cash | 38.00 | .00 | 38.00 |
| Life Insurance | 586.87 | .00 | 586.87 |
| Oldsmobile Auto | 1,500.00 | .00 | 1,500.00 |
| 1979 Income Tax Deposit | 3,000.00 | 6,846.72 | (3,846.72) |
| | $71,124.87 | $21,966.72 | $49,158.15 |

#### B.
#### HUSBAND'S ESTATE

| Item | Gross Value | Debt | Net Value |
|---|---|---|---|
| NFL Retirement Plan | $39,000.00 | $ .00 | $39,000.00 |
| Boat & Trailer | 5,000.00 | 6,349.52 | (1,349.52) |
| 1976 Chevrolet Pick-up | 3,000.00 | 3,300.00 | (300.00) |
| Life Insurance | 8,534.87 | 9,004.29 | (469.42) |
| Furnishings & Clothing | 1,000.00 | .00 | 1,000.00 |
| First Nat'l Bank (unsecured) | | 6,426.36 | (6,426.36) |
| State Comptroller | | 900.00 | (900.00) |
| 1980 Income Tax | | 7,832.65 | 7,832.65 |
| | $56,534.87 | $33,812.82 | $22,722.05 |

We take as correct appellant's table in his brief showing the division of the community estate. Tex.R.Civ.P. 429. Appellee agrees that appellant has correctly set forth the division with the exception that a liability to appellee's mother which she was ordered to pay in the amount of $3,200 was omitted. This liability would increase wife's debt to $25,166.72 and decrease her net value to $45,958.15. Additionally, we would point out that appellant adds 14.4% to his 1979 income tax liability to compensate for an increase in the parties' 1980 income but he does not add this to the debt under the wife's estate. No reason exists why this increase should be shown in one estate and not the other.

■ The standard by which a trial court orders the division of the property in a divorce is well settled. The division must be made in a manner that the court deems "just and right, having due regard for the rights of each party and any children of the marriage." Tex.Fam.Code Ann. § 3.63(a) (Vernon Supp. 1982). The trial court has broad discretion in making this determination and this discretion will not be disturbed unless a clear abuse is shown. *McKnight v. McKnight*, 543 S.W.2d 863 (Tex.1976); *Cockerham v. Cockerham*, 527 S.W.2d 162 (Tex.1975). This discretion will be deemed abused when the division is unreasonable and unjust or manifestly unfair. *Erger v. Erger*, 590 S.W.2d 186 (Tex.Civ.App.—Fort Worth 1979, writ dism'd); *Musick v. Musick*, 590 S.W.2d 582 (Tex.Civ.App.—Tyler 1979, no writ). In dividing the property of the parties, the trial court is not required to make an equal division. *Cockerham, supra; Tarin v. Tarin*, 605 S.W.2d 392 (Tex.Civ. App.—El Paso 1980, no writ). All that is required is that there be some reasonable basis for decreeing an unequal division. *Tarin, supra.* In this regard the trial court may consider such factors as the relative earning capacities and business experience of the parties, their educational background, the size of their separate estates, their age, health and physical condition, the fault in breaking up of the marriage, the benefit the innocent spouse would have received if the marriage had continued, and

probable need for future support. *Zamora v. Zamora,* 611 S.W.2d 660 (Tex.Civ.App.—Corpus Christi 1980, no writ); *Aronson v. Aronson,* 590 S.W.2d 189 (Tex.Civ.App.—Dallas 1979, no writ); *Erger, supra; Bokhoven v. Bokhoven,* 559 S.W.2d 142 (Tex.Civ.App.—Tyler 1977, no writ); *Cooper v. Cooper,* 513 S.W.2d 229 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ).

Appellant asserts that the trial court abused its discretion in dividing the parties' two major assets and in awarding him a greater burden of the liabilities. The community estate of the parties consisted primarily of the NFL retirement fund valued at $39,000 and the family residence which had a net value of $49,800. With respect to the NFL retirement fund, the trial court considered a letter from the fund's administrator which was introduced and admitted into evidence. That letter provides that "... benefits under the Plan shall not be subject to adverse legal process of any kind...." The result of this is that were the benefits hereunder divided, the funds would still go to appellant monthly leaving appellee at his mercy as to whether she would receive her portion that month. What was most convincing to the trial court, however, in deciding how these two major assets should be divided, was a statement made by appellant in a paper filed with the court entitled "Proposed Property Division." There, whereas his first choice for a division of the community property is a "50/50 split of all property," an alternative proposal provides as follows: "give wife 100% house equity after payment of all debts and give husband 100% of NFL Rtmt." Appellant should not now be heard to complain that a division of the property in exactly the way he proposed was an abuse of the trial court's discretion. He suggests that a division which would order the house sold and the proceeds equally divided and appellee to receive a one-half interest in the retirement fund would enrich the parties in the amount of $29,940, allowing each to pay his or her debts with assets still remaining. In light of appellant's request and because the trial court is not required to order an equal division, we find that the trial court's division was not an abuse of discretion.

In dividing the liabilities of the parties, the trial court followed a very logical approach. It ordered that each debt follow the asset which secured it and that each party pay one-half of the income tax liabilities. Appellant's total debt is greater than appellee's because the trial court ordered him to pay the loan he secured from a bank during the pendency of the divorce and the $900.00 owing to the State Comptroller resulting from the failed business. Considering the nature of these debts and the trial court's finding that appellant has a greater earning capacity than appellee, we do not find that the total debt with which appellant is burdened amounts to a division that is unreasonable, unjust, or manifestly unfair.

Appellant cites a number of cases wherein it was held that the trial court abused its discretion in ordering a division of the property. During oral argument, he conceded that the cases are legion on this issue and that the facts of each case must be considered in determining whether an abuse of discretion has occurred. We have reviewed the cases on which appellant relies and conclude that the facts here do not warrant such a finding. Accordingly, the judgment of the trial court is affirmed.