Affirmed and Memorandum Opinion filed May 29, 2003









Affirmed and Memorandum Opinion filed May 29, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00132-CV

____________

 

BILLY
EVERETT BISHOP, Appellant

 

V.

 

ALLISON
FARONE BISHOP, Appellee

 



 

On Appeal from the
310th District Court

Harris County, Texas

Trial Court Cause
No. 00-57494

 



 

M E M O R A N D U M    O P I N I O N

Appellant Billy Everett
Bishop appeals the property division portion of the divorce decree ending his
marriage of four years to appellee Allison Farone Bishop.  Raising three issues, appellant contends the
trial court abused its discretion in its division of the community estate of
the parties.  We affirm.

PROCEDURAL AND FACTUAL
BACKGROUND

Appellant Billy Everett
Bishop and appellee Allison Farone Bishop were married on June 6, 1997.  Appellee filed for divorce on November 9, 2000,
and the case proceeded to a bench trial in August, 2001.

During trial, the trial
court heard evidence of payments made by the community estate for the benefit
of both appellant=s
and appellee=s
separate properties.  Evidence was also
presented pertaining to appellant=s
and appellee=s
waste of community assets; appellee=s
gift of community property to third parties; the parties= outstanding tax
liabilities; and the parties=
outstanding attorney fees.

At the conclusion of
evidence, the trial court granted the parties a divorce on the grounds of
insupportability.[1]  See Tex.
Fam. Code Ann. '
6.001 (Vernon Supp. 2003).  In  its final decree of divorce, the trial court
ordered a disproportionate division of the parties= $96,094 community
estate: $54,954 (57%) to appellee and $41,140 (43%) to appellant.[2]   The
court also ordered appellant to be solely responsible for the parties=
income tax liabilities, appellee=s
attorney fees, and appellant=s
attorney fees.  Included in appellant=s $41,140 share of the
community estate was $19,255 in prepaid community liabilities,[3]
as well as proceeds from six pending lawsuits, the values of which were
undetermined.

Following denial of
appellant=s
first amended motion for new trial, appellant filed a timely notice of appeal.








ISSUES ON APPEAL

Appellant asserts three
points of error challenging the division of community property in the divorce
decree.  He argues (1) the trial court
erred in dividing the parties=
community estate because fault was improperly used to justify an unjust
division; (2) the trial court erred in failing to impose an equitable lien on
appellee=s separate property to
secure appellant’s claim for economic contribution; and (3) the trial court
erred when it failed to resolve appellant=s
claim for reimbursement against appellee=s
separate property.

STANDARD OF REVIEW

In a divorce proceeding,
the trial court shall order a division of the estate of the parties in a manner
that it deems just and right.  Tex. Fam. Code Ann. ' 7.001 (Vernon Supp.
2003).  Only community property is
subject to the trial court=s
division.  Osborn v. Osborn, 961
S.W.2d 408, 413B14
(Tex. App.CHouston [1st Dist.]
1997, writ denied).  The trial court has
no discretion to divest a spouse of his separate property.  Cameron v. Cameron, 641 S.W.2d 210,
220 (Tex. 1982).

When an appellant
complains that a trial court improperly divided the parties’ property, the
controlling issue is whether the division was just and right.  Tex.
Fam. Code Ann. ' 7.001
(Vernon Supp. 2003); Smith v. Smith, 22 S.W.3d 140, 143 (Tex. App.CHouston [14th Dist.]
2000, no pet.); Rafferty v. Finstad, 903
S.W.2d 374, 376 (Tex.
App.CHouston [1st Dist.] 1995,
writ denied).  The trial court=s division need not be
equal as long as it is equitable and the circumstances justify a
disproportionate division.  Murff v. Murff, 615
S.W.2d 696, 699 (Tex. 1981); Janik v. Janik, 634 S.W.2d 323, (Tex. App.CHouston [14th Dist.]
1982, no writ); Thomas v. Thomas, 525 S.W.2d 200, 202 (Tex. App.CHouston [1st Dist.]
1975, no writ).          








The trial court is
afforded wide discretion in dividing the estate of the parties and its division
will not be altered on appeal unless the court abused its discretionCthat is, unless its
decision was arbitrary, unreasonable, and without reference to guiding
principles.  Murff,
615 S.W.3d at 698.  A court abuses
its discretion when it acts without reference to any guiding rules or
principles.  Evans v. Evans, 14
S.W.3d 343, 345B46
(Tex. App.CHouston [14th Dist.]
2000, no pet.). 

When reviewing a property
division, the appellate court assumes the trial court properly exercised its
discretion in dividing the estate of the parties upon divorce.  Vallone  v. Vallone, 644
S.W. 2d 455, 460 (Tex. 1982).  The
appellant bears the burden of showing that the trial court=s abuse of discretion
caused a division of property so disproportionate that the division was
manifestly unjust and unfair.  Hedtke v. Hedtke,
248 S.W. 21, 23 (Tex. 1923).  The
appellate court, therefore, will reverse a property division only if the error
materially affects the trial court=s
property division.  Henry v. Henry,
48 S.W.3d 468, 475 (Tex.
App.CHouston [14th Dist.]
2001, no pet.) (citing Jacobs v. Jacobs, 687 S.W.2d 731, 732B33 (Tex. 1985). 

FAULT

In his first point of
error, appellant asserts the trial court abused its discretion by improperly
using fault to justify an unequal division of the community property.  We disagree.

1.         Although divorce was sought and granted
on insupportability grounds, fault was tried by consent, the court made a
finding of fault, and the court=s fault finding
went unchallenged.

In her amended petition,
appellee (1) asked for a divorce on the grounds of insupportability;[4]
and (2) asked that fault be considered by the trial court in dividing the
parties’ community property.  In his
countersuit, appellant asked only for a divorce on insupportability grounds and
that the trial court divide the community estate in a “just
and right” manner. 








During trial, the issue
of fault was raised by appellee during direct examination.  Appellee testified that appellant drank
excessively during their marriage, failed to attend Alcoholics Anonymous
meetings, engaged in “uncontrollable rages,” prohibited appellee from sleeping
or taking baths, took appellee=s
car keys, repeatedly broke down doors, berated appellee with verbal abuse, and
threw phones into appellee=s
bath.  No objection was made to this
testimony. 

Fault was also raised
during appellant=s
direct examination.  Appellant testified
he contributed to the troubled marriage and had sought counseling and treatment
for depression.  Again, there was no
objection to this testimony.

Granting the divorce, the
trial court made the following findings of fact:

(5)       That the parties= marriage had
become insupportable because of discord or conflict of personalities between
Wife and Husband that destroyed the legitimate ends of the marriage
relationship and prevented any reasonable expectation of reconciliation; [and]

(6)       That there was fault in the breakup of
the marriage on the part of Husband due to his alcohol abuse, verbal abuse
toward Wife, and mental cruelty toward Wife; including, but not limited to,
bullying, raging, throwing of objects toward Wife, and intentionally depriving
Wife of sleep.

 

Additionally, the trial
court made the following conclusions of law:

(2)       That a divorce should be granted on the
grounds of insupportability; [and] 

(3)       That the Court [should] divide[] the
community estate in a just and right manner having due regard for the rights of
each party after consideration of all relevant factors plead and/or tried by
consent.

 

Although appellant
challenges the division of the community estateCclaiming
it is not “just and right”Che
does not challenge the sufficiency of the evidence supporting the trial court=s finding of fault.  Thus, the trial court=s finding of fault
remains unchallenged.








2.         Unchallenged findings of fact are binding.

A trial court=s fact findings are
reviewed for legal and factual sufficiency of the evidence.  Mays v. Pierce, 281 S.W.2d 79, 82
(Tex. 1955); Cohen v. Sims, 830 S.W.2d 285, 287 (Tex. App.CHouston [14th Dist.]
1992, writ denied).  This court is bound
by unchallenged findings of fact, the same as a jury verdict. See McGalliard v. Kuhlmann, 722
S.W.2d 694, 696 (Tex. 1986); Cohen, 830 S.W.2d at 287; Henry, 48
S.W.3d at 473. 

Thus, because appellant
made no challenge to the trial court=s
finding of fault, we are bound by it.  Id.

3.         Unchallenged findings of fault may be
considered in making a “just and right” division of community property.

Appellant asserts the
trial court improperly used fault to make an unjust division of  the parties’ community estate.  We disagree.

First, there is no proof
the trial court=s
finding of fault was actually used to make the division.  The trial court’s conclusions of law state
only that “a divorce should be granted on the grounds of insupportability” and
that the court divided the community estate in a “just and right manner having
due regard for the rights of each party after considering all relevant factors
plead and/or tried by consent”; thus, we are left to guess whether the court=s finding of fault was
(1) used to support the court=s
finding of insupportability, (2) used to support its division of the community
estate, or (3) not used at all.








Second, even if the trial
court used fault to divide the parties=
community estate, such use is within its discretion.  Murff, 615
S.W.2d at 698; Young v. Young, 609 S.W.2d 758, 761 n.1 (Tex. 1980)
(listing cases).  Even in cases where a Ano fault@ divorce is granted,
fault may be considered in making a “just and right” division of the community
estate.  Janik
v. Janik, 634 S.W.2d 323, 324B25 (Tex. App.CHouston [14th Dist.]
1982, no writ) (finding that, where couple was granted divorce on
insupportability grounds, “fault in the breakup of the marriage” was
nonetheless a factor to be considered in dividing the community estate).[5]

4.         The trial court’s unequal division of
community property is “just and right” even without a finding of fault.

Because (1) the trial
court could properly consider fault in its division of community property, (2)
the issue of fault was tried by consent during trial,[6] and (3)
the trial court=s
finding of fault was unchallenged by appellant, we find no abuse of discretion
in the trial court=s
division of the parties=
community estate.  A distribution of 57%
to appellee and 43% to appellant cannot be successfully challenged as
inequitable, given evidence appellant drank in excess, engaged in rages and
verbal abuse, broke down doors, and prevented appellee from bathing or
sleeping. 

Even without evidence of
fault, however, the trial court reasonably could have ordered an unequal
division of community property.  Indeed,
several factors may be used to divide a community estate, including disparity
of income or earning capacity, the spouses=
capacities and abilities, benefits which the party not at fault would have
derived from continuation of the marriage, business opportunities, education,
relative physical conditions, relative financial conditions and obligations,
disparity of ages, size of separate estates, and the nature of the
property.  Murff,
615 S.W.2d at 698.  In addition, a court
may consider one spouse=s
wrongful dissipation of community assets and payments to attorneys made from
the community estate.  Schlueter v. Schlueter,
975 S.W.2d 584, 588 (Tex. 1998) (wrongful dissipation); Henry, 48 S.W.
3d at 478 (attorney fees).








Here, the trial court
entered the following relevant findings of fact and conclusions of law:

(4)       . . . Wife has a twelve (12) year old son
. . . 

(7)       Husband . . . earned $50,000 in the first
quarter of 2001 and there was a disparity of earning power between the spouses,[7]

(12)     . . . on the morning of the trial . . .
Husband used $32,513.04 from community funds to pay his personal federal income
taxes, credit card debt . . . and expert fees,[8]

(13)     . . . there was a balance due of
$2,889.91[for Wife=s legal fees]. . . and that the sum of
$5,000.00 was paid [for Wife=s attorney fees]
from community funds, [and]

(14)
    . . . Husband . . . paid his attorney
the sum of $15,000.00 or more . . . from community funds.

 

From the entirety of the
record before us, we cannot say the trial court abused its discretion in awarding
appellant a disproportionate share of the community estate.  Even without the use of fault, the trial
court=s division of the
community estate was neither arbitrary nor unreasonable.  See Phillips, 75 S.W.3d at 575.  See also Sprick
v. Sprick, 25 S.W.3d 7, 14 (Tex. App.CEl Paso 1999, no pet.)
(award of 77% of net assets of community estate to wife was equitable at
divorce, even though wife=s
infidelity would have justified disproportionate division of community estate
in favor of husband).[9]

Accordingly, we overrule
appellant=s
first point of error.

EQUITABLE LIEN








In his second point of
error, appellant asserts the trial court erred in failing to impose an
equitable lien on appellee=s
separate property to secure appellant=s
claim for economic contribution.  See Tex. Fam. Code Ann. '' 3.403(a) and 3.406(a)
(Vernon Supp. 2003).  This argument fails
for two reasons. 

First, appellant waived
his right to complain on appeal that the trial court failed to impose an
equitable lien because he never requested additional findings of fact and conclusions
of law.  See Mohnke
v. Greenwood, 915 S.W.2d 585, 590 (Tex. App.CHouston [14th Dist.] 1996, no writ)
(appellants=
claim that trial court erred in not making additional findings of fact and
conclusions of law was waived when appellants failed to make proper request for
additional findings and conclusions); Van Dyke v. Van Dyke, 624 S.W.2d
800, 802 (Tex. App.CHouston [14th Dist.]
1981, no writ) (appellant waived right to complain of trial court=s failure to make certain
findings of fact and conclusions of law where there was no request for “specified
further, additional, or amended findings” within required time limit).  See also Tex. R. Civ. P. 298 (Vernon Supp. 2002) (requests for
additional or amended findings of fact and conclusions of law “shall be made
within ten days after the filing of the original findings and conclusions by
the court”). 








Second, appellant never
asked the trial court to grant equitable relief to secure a claim for economic
contribution.  See Tex. Fam. Code Ann. ' 3.403(a) (Vernon Supp.
2003).  He neither requested economic
contribution in his original petition, nor amended his pleadings during trial.[10]  A party cannot properly be awarded a judgment
on a theory not disclosed by his pleadings. 
Payne v. Laughlin, 486 S.W.2d 192, 194 (Tex. Civ. App.CDallas 1972, no
writ.).  See also Oil Field Haulers
Ass=n
v. Railroad Commission, 381 S.W.2d 183, 191 (Tex. 1965)
(party may not sustain a favorable judgment on an unpleaded cause of action in
the absence of trial by consent); Wachendorfer
v. Wachendorfer, 615 S.W.2d 852 (Tex. Civ. App.CHouston [1st Dist.] 1981,
no writ) (court erred in  submitting
issue to jury regarding enhancement of husband’s separate property where wife=s pleading failed to
assert right to community reimbursement).

Because appellant=s complaint regarding
economic contribution was not properly preservedCand
because his claim was not properly pledCthe
trial court did not err when it failed to address his request for equitable
relief.  

Accordingly, we overrule
appellant=s
second point of error.




REIMBURSEMENT

In his third point of
error, appellant asserts the trial court erred when it “failed to resolve
appellant=s
claim for reimbursement” against appellee=s
separate property.  See Tex. Fam. Code Ann. 3.408 (Vernon Supp.
2003).  We disagree.  

A claim for reimbursement
is appropriate where there has been “payment by one marital estate of the
unsecured liabilities of another marital estate.”  Id. at '
3.408(b)(1).  Reimbursement is not
available as a matter of law, but lies within the discretion of the court. Vallone v. Vallone,
644 S.W.2d 455, 459 (Tex. 1982).  It is
measured by the enhancement value to the benefitted estate.  Anderson v. Gilliland, 684 S.W.2d 673,
675 (Tex. 1985).  A claim for
reimbursement may not be made for normal living expenses.  Id. at '
3.409(2).[11]








At trial, appellant
claimed the parties= community
estate made approximately two-thirds of the appellee=s 48 required car
payments on appellee=s
separate property automobile.  Because
the automobile is now worth $10,000, appellant argues, appellant is entitled to
one-half (or $3,333.33) of the equity paid by the community.

Appellant misreads the
law.  Subsection 3.408(b) of the Texas
Family Code applies only to unsecured liabilities.  Nothing in the record suggests appellee=s car loan was unsecured;
appellant even concedes the loan was secured. 
Thus, appellee=s
car payments are not eligible for reimbursement.  See id. at ' 3.408(b)(1).

Because appellant=s claim does not qualify
for reimbursement, we find the trial court did not err in denying his
claim.  Accordingly, we overrule
appellant=s
third point of error.[12] 

Having
overruled all of appellant=s points of error,
we affirm the judgment of the court below.

 

 

/s/        John
S. Anderson

Justice

 

 

 

 

Judgment rendered and Memorandum Opinion filed May 29, 2003.

Panel consists of Justices Anderson, Frost, and Fowler.

 











[1]  “Insupportable”
means “incapable of being borne, unendurable, insufferable, intolerable.”  Henry v. Henry, 48 S.W.3d 468, 473B74 (Tex. App.CHouston
[14th Dist.] 2001, no pet.).





[2]  Appellant
claims the parties’ community estate totaled $106,094Cwith $64,954 (61%) going to appellee and $41,140 (39%)
going to appellant.  Because appellant
provided no breakdown for his $106,094 total and appellee did not ascribe a
value to the estate, we use our own calculations. 





[3]  Appellant
complains that because the $19,255 prepaid community debt is a “phantom” asset,
his portion of the community estate is in actuality only $21,885 (or 23% of the
community estate).  

We do not address whether the $19,255 in “prepaids”
is appropriately a community asset; however, we note that if $19,255 in “prepaids”
is subtracted out of the total, appellant’s portion of the new estateCtotaling $76,839Cis 28%.





[4]  See Tex. Fam. Code Ann. ' 6.001 (Vernon Supp. 2003) (on petition of either
party, the court may grant a divorce without regard to fault if the marriage
has become insupportable); Crocker v. Crocker, 474 S.W.2d 630, 631 (Tex.
Civ. App.CHouston [14th Dist.] 1972, no writ.).





[5]  At least one
Texas appellate court has held that in cases where a “no-fault” divorce is
sought, fault cannot be used to divide the community estate.  See Phillips v. Phillips, 75 S.W.3d
564, 572 (Tex. App.CBeaumont 2002, no pet. h.).





[6]  Both appellee
and appellant provided testimony addressing the issue of fault in the breakup
of the marriage.  Additionally, during
appellant=s direct examination, defense counsel explained to the
trial court that “[t]here is a specific pleading by Petitioner saying that she=s entitled to a disproportionate share of the
community assets because it=s his fault that this marriage broke up.  We=re . . .
trying to rebut that allegation.”





[7]  Evidence also
shows appellant’s salary is $177,000, while appellee’s
is $75,000 plus bonuses.





[8]  This included
the $19,255 in “prepaids” discussed above in supra note 3.





[9]  There was also
evidence presented at trial that appellant incurred tax penalties and interest
because of late filing.





[10]  At oral argument,
appellant suggested the issue of economic contribution was “tried by consent”
because there was much testimony during trial pertaining to community estate
contributions to appellee’s house and car loans.   We disagree. 
During trial, opposing counsel twice pointed out that appellant’s
original petition did not include a pleading for “equitable relief” and twice
the appellant made no attempt to amend his petition. Sufficient evidence exists
therefore for negating the proposition that economic contribution was tried by
consent.  See Pampell
Interests, Inc. v. Wolle, 797 S.W.2d 392, 395 (Tex. App.CAustin 1990, no writ)
(finding there is no trial by consent where a party objects to the introduction
of evidence).

Additionally,
the testimony appellant cites as proof that economic contribution was properly
addressed during trial pertains to community expenditures for which appellant was seeking “reimbursement.”  Reimbursement is addressed in
subsection 3.408 of the Texas Family Code; economic contribution is
addressed in subsections 3.402 and 3.403.  
See Tex. Fam. Code Ann.
''' 3.408, 3.402 and 3.403 (Vernon
Supp. 2003).  Although appellant and his
counsel used these terms interchangeably during trial, the two are not
synonymous.   





[11]  Appellee
asserts an automobile is a necessary “living expense@ and thus payment of appellee’s
car loan does not qualify for reimbursement. 
See Tex. Fam. Code Ann.
' 3.409(2).  
However, because appellee has failed to adequately brief the proposition
that an automobile is a necessary living expense, we are unpersuaded. 





[12]  Additionally,
even if appellant’s claim for reimbursement did satisfy ' 3.408, denial of his claim would not be an abuse of
discretion.  First, appellant’s ex-wife also
made a claim for reimbursementCto cover payments made by the community to improve and
pay off appellant’s separate property home.  The trial court could easily have determined
that appellee’s claim “offset” appellant’s
claim.  See Tex. Fam. Code Ann. '
3.408(c); Jensen v. Jensen, 665 S.W.2d 107, 109 (Tex. 1984); Kimsey v. Kimsey,
965 S.W.2d 690, 700B701 (Tex. App.CEl Paso
1998, no pet.).  

Second, appellee presented evidence that
appellant had the full use and enjoyment of appellee’s
automobile.  This, too, “offsets”
appellant’s claim.  See Tex. Fam. Code Ann. ' 3.408(d) (Vernon Supp. 2003).