Affirmed and Plurality and Concurring Memorandum Opinions filed February
21, 2008








Affirmed and Plurality and Concurring Memorandum Opinions filed February 21,
2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00768-CV

_______________

 

GERARD ALAN WITTE, Appellant

 

V.

 

CYNTHIA GRACE WITTE, Appellee

                                                                                                                                               


On Appeal from the 312th District Court

Harris County, Texas

Trial Court Cause No. 03-32117

                                                                                                                                               


 

P L U R A L I T Y   M E M O R A N D U M[1]  
O P I N I O N

 








In this divorce case, Gerard Alan
Witte appeals the divorce decree (the Adecree@) on the grounds that the trial court
erred by mischaracterizing community property as Cynthia Witte=s separate property and by awarding
Cynthia reimbursements from the community estate.  We affirm.

                                                            Standard
of Review

An appeals court reviews a trial
court=s division of community property[2]
only for an abuse of discretion.  McKnight v. McKnight, 543 S.W.2d 863,
866 (Tex. 1976).  An abuse of discretion occurs where a division of community
property is manifestly unfair.  See Mann v. Mann, 607 S.W.2d 243, 245
(Tex. 1980).

A property division need not be equal
and may take into consideration many factors, such as the spouses= respective abilities, benefits that
the party not at fault (if applicable) would have derived from a continuation
of the marriage, business opportunities, education, relative physical
condition, relative financial condition and obligations, disparity in age, size
of separate estates, the nature of the property, and disparity in income and
earning capacity (the AMurph factors@).  Murff v. Murff, 615 S.W.2d 696, 699 (Tex. 1981).  A trial
court is presumed to have properly exercised its discretion in applying these
factors, and a property division will be reversed on appeal only when an abuse
of discretion has been shown.  Id. at 698.








This abuse of discretion standard is
illustrated in Bell, where the husband in a divorce action was awarded
all of the stock in two corporations he had owned before the marriage.  See
Bell v. Bell, 513 S.W.2d 20, 21(Tex. 1974).  The trial court=s conclusions of law stated that the
property acquired by the corporations during the marriage of the parties was
not part of the community estate, and the court=s findings of fact further stated
that:

Regardless of the legal status of
such corporations and the nature of the property acquired by such corporations
during the marriage of the parties, the Court finds that considering the
circumstances of the parties all of the stock or other interest in such
corporations . . . is set aside to [the husband].

Id. at 21-22.  On appeal, the wife sought to have the
increase in stockholders= equity that occurred in the corporations during the marriage
divided equally.  Id. at 22.  The court of appeals reversed and
remanded, ordering the trial court to take the two corporations into
consideration in making a division.  Id. at 21.

In  reversing the decision of the
court of appeals and affirming the judgment of the trial court, the Texas
Supreme Court found that the trial court had not failed to take the two
corporations into account in its property division, but instead had concluded
that, considering the circumstances of the parties, all of the stock in the
corporations should be awarded to the husband regardless of the separate or community
property character of the stock and the property the corporations had acquired
during the marriage.  Id. at 22.  From this decision, it logically
follows that, if a trial court=s division of everything that is or may be community property
is not an abuse of discretion, the property division will not be reversible for
a mischaracterization of some of that community property as separate property[3]
or a failure to characterize it as community or separate property at all.  See
Vandiver v. Vandiver, 4 S.W.3d 300, 302-305 (Tex. App.BCorpus Christi 1999, pet. denied).[4]








                                                    Abuse
of Discretion Showing

Although Gerard=s issues challenge five individual items
in the property division, and his brief asserts in a conclusory fashion that
the award of those items had a material effect on the overall property
division, his brief makes no attempt to show how those items have a material
effect on the property division[5] or how any
error in awarding those items could have caused the overall property division
to be an abuse of discretion in light of the Murph factors.[6] 
Gerard=s issues thus fail to afford any
basis to grant relief.  Additional reasons for overruling specific issues are
set forth below.








                                                                         Stock

Gerard=s first three issues challenge the
factual sufficiency[7] of the
evidence to rebut the presumption that all of the shares of stock that Cynthia
acquired during the marriage in three closely-held family corporations, SEI
Metal Tek, Inc. (ASEI@), BKC Properties, Inc. (ABKC@), and F&S Production LLC (AF&S@), were Cynthia=s separate property because she
failed to trace the stock as her separate property with clear and convincing
evidence. However, although Gerard=s second and third issues challenge
the sufficiency of the evidence to support the characterization of the BKC and
F&S stock as Cynthia=s separate property, his brief provides no discussion to
support those contentions.  Therefore, those issues present nothing for our
review and are overruled.  Tex. R. App. P. 38.1.

As for the SEI stock, Gerard=s brief asserts that there were a
total of 389,374 shares, of which he agrees that 109,167 shares were Cynthia=s separate property, but disputes the
character of the remaining 280,207 shares on various grounds.  However, his
brief also acknowledges that Cynthia had executed a promissory note (the Anote@) for $700,000 for the purchase of
some of this stock (for which repayment the stock was pledged as collateral)
and that no more than $10,000 of this debt had been repaid.  The decree does
not expressly address the community or separate property character of this debt
or assign it to either party.








Gerard=s brief does not indicate what
amount, if any, the SEI stock was worth on the date of divorce (or at any other
time), let alone cite to any evidence supporting any value.  It thus fails to
demonstrate that the stock had any value, particularly in excess of the
outstanding note balance.[8]  Therefore,
even if the stock and note should have both been characterized as community,
rather than separate, property, as Gerard contends, there is no evidence that
the two items netted any positive community property value, such that the
alleged error in characterization could have had a material effect on the
community property division.

                                                      Stated
Ground for Divorce

Gerard=s ninth issue contends that the trial
court erred by including fault as a factor for making an unequal division of
the marital estate even though the divorce was granted on no fault grounds. 
The Texas Supreme Court has not decided whether this is proper,[9]
but this court has held that it is.[10]  Moreover,
even in the case cited by Gerard as holding that fault may not be considered in
dividing the community estate where a divorce is granted solely on
insupportability, the court ultimately held that doing so was not reversible
error because, as here, it had not been shown that the overall property
division was an abuse of discretion in light of the other Murph factors.[11] 
Therefore, Gerard=s ninth issue is without merit and is overruled.

                                                            Supplemental
Brief

Gerard sought to raise additional
issues for the first time in a supplemental brief, which we did not accept, and
again in his reply brief.  Because issues not raised in an appellant=s original brief are waived,[12]
we do not address those issues.  Accordingly,
the                                                                                                                                                                                                             
                  

 








judgment of the trial court is
affirmed.

 

 

 

/s/        Richard H. Edelman

Senior Justice

 

 

Judgment rendered and Plurality and
Concurring Memorandum Opinions filed February 21, 2008.

Panel consists of Justices Fowler,
Frost, and Edelman.*  (Frost, J., concurring)
(Fowler, J., concurring without opinion).









[1]           Because the issues in this case are not
settled, Senior Justice Edelman opposes designation of this opinion as
memorandum; but because he has not written a concurrence or dissent, the
decision to designate it as memorandum is determined by a majority of the
panel.  See Tex. R. App. P. 47.2(a), 47.4.





[2]           In a divorce decree, the
trial court shall order a division of the community property of the parties in
a manner that the court deems just and right, having due regard for the rights
of each party and any children of the marriage.  Tex. Fam. Code Ann. ' 7.001 (Vernon 2006).  Community
property consists of the property, other than separate property, acquired by
either spouse during marriage.  Id. ' 3.002 (Vernon 2006).  As relevant
here, separate property consists of the property owned by a spouse before
marriage and that acquired by the spouse during marriage by gift, devise, or
descent.  Id. ' 3.001(1), (2).

Property
possessed by either spouse during or upon dissolution of marriage, is presumed
to be community property.  Id. '
3.003(a).  A party asserting that property is separate property must provide
clear and convincing evidence to rebut the community property presumption.  Id.
' 3.003(b).  To make such a showing, a spouse must
trace and clearly identify the property as separate property.  See Estate of
Hanau v. Hanau, 730 S.W.2d 663, 667 (Tex. 1987).  Conversely, if the
evidence shows that separate and community property have been commingled so as
to defy segregation and identification, the burden is not discharged, and the
community property presumption prevails.  Id.





[3]           Conversely, any mischaracterization of
separate property as community is reversible because a divorce decree can only
divide community property, and the rights of a spouse in his or her separate
property are constitutionally protected.  See Eggemeyer v. Eggemeyer,
554 S.W.2d 137, 139-140 (Tex. 1977).





[4]           To the extent that appeals court decisions,
such as McElwee or Stavinoha, have held that a
mischaracterization of more than a de minimis amount of community
property as separate property, alone, is reversible error, without a showing by
the appellant that the trial court=s
division of all of the community property (if all was properly characterized)
would be manifestly unjust under the Murph factors, such holdings are
incompatible with Bell.  See Stavinoha v. Stavinoha, 126 S.W.3d
604, 607 (Tex. App.BHouston [14th Dist.] 2004, no pet.); McElwee v.
McElwee, 911 S.W.2d 182, 189 (Tex. App.BHouston
[1st Dist.] 1995, writ denied).  Any such holdings would also suggest that a
single overall property division can either be within or outside the discretion
of the trial court, depending arbitrarily on how the trial court labels the
community property in the decree.  Lastly, a greater-than-de minimis
standard is directly at odds with the manifestly unfair standard.





[5]           Neither the decree, the trial court=s findings of fact, nor Gerard=s brief, reflect a total dollar value of the community
estate.  Instead, the decree and findings list the various items of property,
mostly without dollar values, and one of the trial court=s findings of fact merely states that Athe division of property computes to 53% of the
community estate to Cindy and 47% of the community estate to Gerard . . . .@  Although there are at least five exhibits in the
record that contain different calculations of the property values and
divisions, neither the parties= briefs, nor
anything we can find in the record, indicate which, if any, of these exhibits
the trial court adopted in making its property division.





[6]           The decree specifies that it considered the
following factors in making the property division: (1) fault in the breakup of
the marriage; (2) benefits the innocent spouse may have derived from the
continuation of the marriage; (3) disparity of earning power of the spouses and
their ability to support themselves; (4) education, training, and future
employability of the spouses; (5) ages of the spouses; (6) earning power, business
opportunities, capacities, and abilities of the spouses; (7) custody of the
children and providing for the children=s
emotional needs; and (8) length of the marriage.  Gerard=s brief addresses only the first of these factors.





[7]           Because we do not address the factual
sufficiency challenge on the merits, we need not recite the factual sufficiency
standard of review.





[8]           In this regard, Cynthia=s brother, Kevin Grace (AKevin@), the CEO of SEI, testified that he believed Cynthia=s total interest in SEI was worth less than the amount
of this debt.





[9]           See Young v. Young, 609 S.W.2d 758,
761 (Tex. 1980).





[10]          See Mohindra v. Mohindra, No.
14-06-00056-CV, 2007 WL 3072057, at *2 (Tex. App.BHouston [14th Dist.] Oct. 23, 2007, no pet.) (mem. op.); Bishop v.
Bishop, No. 14-02-00132-CV, 2003 WL 21229476, at *3 (Tex. App.BHouston [14th Dist.] May 29, 2003, no pet.) (mem.
op.).  Although Janik has also been cited in support of this
proposition, Janik did not address this issue.  See Janik v. Janik,
634 S.W.2d 323, 324-25 (Tex. App.BHouston
[14th Dist.] 1982, no writ).





[11]          See Phillips v. Phillips, 75 S.W.3d
564, 572-75 (Tex. App.BBeaumont 2002, no pet.).





[12]          See Tex. R. App. P. 38.3; Yazdchi
v. Bank One, Texas, N.A., 177 S.W.3d 399, 404 (Tex. App.BHouston [1st Dist.] 2005, pet. denied), cert denied,
127 S.Ct. 206 (2006); Zamarron v. Shinko Wire Co., 125 S.W.3d 132, 139
(Tex. App.BHouston [14th Dist.] 2003, pet. denied).





*           Senior Justice Richard H. Edelman sitting
by assignment.