

# NUMBER 13-25-00435-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

### IN THE MATTER OF THE MARRIAGE OF
### JESUS GREGORIO LOPEZ AND
### ISELA FLORES RICHARDSON

### ON APPEAL FROM THE 332ND DISTRICT COURT
### OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

### Before Justices Silva, Peña, and Fonseca
### Memorandum Opinion by Justice Fonseca

This is an appeal of a final decree of divorce between appellant Isela Flores Richardson and appellee Jesus Gregorio Lopez. By six issues, Richardson contends the trial court erred by: (1) conducting the final hearing without proper notice; (2) rendering judgment without taking evidence or testimony at the final hearing; (3) allowing Lopez to "submit exhibits" after the hearing; (4) considering Lopez's first amended petition filed two

days before the hearing; (5) awarding relief not requested in the pleadings; and (6) failing to issue proper findings of fact and conclusions of law. We affirm.

## I.    BACKGROUND

The parties were married in 2002, and Lopez filed his original petition for divorce in 2022.[1] On June 6, 2023, Lopez filed a "Motion to Compel Discovery and for Sanctions" arguing that Richardson failed to reply to discovery requests which he propounded two months earlier. Later that month, Richardson answered Lopez's suit and filed a counter-petition for divorce.

At a hearing on April 2, 2025, Lopez's counsel explained that "we have competing motions to compel" and requested that a trial date be set for "the first week of May." Lopez's counsel explained that the case "really comes down to property" and would require "[a]n hour, hour and a half tops." Richardson's counsel agreed. After conferring with the court coordinator, the trial court ruled "discovery has to be exchanged by both parties by April 16 and trial is on May 7." Richardson's counsel replied, "Yes." The following day, the trial court signed two orders regarding the May 7, 2025 setting. The first order, entitled "Order Resetting [Lopez]'s Motion to Compel Discovery and for Sanctions," stated "[t]he above matter is set for hearing on May 7, 2025 at 9:30." The second order, entitled "Order Setting Hearing," stated that "the hearing on [Richardson]'s Motion to Compel Discovery and for Sanctions[2] is set on the 7th day of May, 2025 at 9:30 am." No other written order concerning the May 7, 2025 setting appears in the record.

---

[1] It is undisputed that, at all relevant times, there were no children of the marriage under eighteen years of age or otherwise entitled to support.

[2] At the May 7, 2025 hearing, Richardson's counsel stated that she filed this motion on November 22, 2024. The motion does not appear in the record.

At the beginning of the May 7, 2025 hearing, the trial court called the case and indicated that Lopez's motion to compel would be heard. Lopez's counsel then stated: "[W]e've already resolved it, Judge. The last setting, when we were here on April 2[], we actually heard the motion to compel and today should have been for final." Richardson's counsel replied: "That's what I had."

A discussion then ensued regarding the specific discovery material each party sought in their respective motions to compel. Lopez sought an accounting of how Richardson spent $100,000 which she received in 2022 as a down payment from the owner-financed sale of 148 acres of non-residential real property in Brooks County. Lopez's counsel stated that, although this accounting was never provided, she was "fine with moving forward without" it. Richardson's counsel explained that her motion to compel concerned "only four questions regarding property," three of which were never answered. The following colloquy then occurred:

| | |
|---|---|
| [Richardson's counsel]: | . . . I guess we could do it if he takes the stand or maybe we do offers, I don't know. |
| THE COURT: | You want to proffer or do you want to do cross-exam—actually, direct and cross? |
| [Lopez's counsel]: | Well, I just—we've already addressed— |
| THE COURT: | You have 30 minutes. |
| [Lopez's counsel]: | I'm good with proffering. I mean, it's quick. It's very straightforward, Judge, because— |
| THE COURT: | So at the end of the day, after you proffer evidence, if that's where we go or if we do direct and cross and call witnesses and whatever, whatnot; what do you want and what do you want? |

| | |
|---|---|
| [Richardson's counsel]: | We could do the proffer also, Judge, but with the right to you—you see the documents itself. |
| THE COURT: | Sure. |
| [Richardson's counsel]: | That we submit the deeds, the separate—the gift deeds and everything else they have. *I'm okay with that too.* |
| [Lopez's counsel]: | Yes. I'm okay with that. |

(Emphasis added.)

The parties proceeded to offer arguments about the character of the $100,000 which Richardson received in 2022. Lopez claimed the money was entirely community property because the sold land had been acquired during the marriage, the 2022 contract for sale listed both parties as "sellers," and the subsequent promissory note listed both parties as "lenders." On the other hand, Richardson claimed that most of the money was her separate property because, though all of the land was acquired during the marriage, several parcels in the tract had been acquired via gift deeds which listed only her as grantee.[3] The court asked Richardson's counsel why the contract listed both Richardson and Lopez as sellers if most of the property belonged to Richardson separately. Richardson's counsel speculated that the contract was drafted that way by the title company to protect itself; in any event, she argued that "when you do the sale, the contract goes out the window" and "separate property never changes character."

Richardson's counsel produced copies of documents concerning the 2022 sale and handed them to the judge.[4] The court then engaged in further argument regarding

_____

[3] Richardson asserted that 25.99 of the 148 acres belonged to the community, and the remainder was her separate property.

[4] After Richardson's counsel began discussing the documents, the following colloquy occurred:

the legal effect of Lopez's name appearing on the transaction documents. Richardson's counsel argued that "[t]he fact that he was added to a note does not make him the owner." The court disagreed, opining that a deed listing both spouses as grantors is equivalent to "[s]aying that [they] are both owners of the property." The following exchange then occurred:

| | |
|---|---|
| [Richardson's counsel]: | Judge, but because we have all these issues, I think we need to—I need to bring you an expert that way you'll know what this . . . — |
| [Lopez's counsel]: | Experts should have been today, Judge. We're set today for final hearing. |
| [Richardson's counsel]: | We're set for a motion to compel, actually. |
| [Lopez's counsel]: | No, ma'am. |
| THE COURT: | No. You said you wanted to proceed to final, [Richardson's counsel]. |
| [Richardson's counsel]: | Yes I did, Judge, but I—with all due respect to you—you're going through a side where that's your belief and that's your understanding of the law. |

---

| | |
|---|---|
| THE COURT: | Can I see that? Can I see that? |
| [Richardson's counsel]: | Yes. |
| THE COURT: | If you both—whoever gives it to me, either one I get it from, is in agreement that that's the one we're discussing— |
| [Lopez's counsel]: | Yes. |
| THE COURT: | —and there's no objections to it, right? |
| [Richardson's counsel]: | This is the warranty deed with vendor's lien for the record and the deed of trust. |
| THE COURT: | Regarding the 148 acres? |
| [Lopez's counsel]: | Correct. And then here's the deed—I'm sorry—the contract for sale and then here's the settlement statement that further has all—both parties. And then that's the actual deed of trust with vendor's lien. |
| | . . . . |
| [Richardson's counsel]: | And this is the promissory note. |

5

| | |
|---|---|
| THE COURT: | Well, that's what the law is. That's the way I understand the law. |
| | . . . . |
| | I'm ready to make my ruling. |
| [Lopez's counsel]: | Thank you, Judge. |
| [Richardson's counsel]: | Judge, wait a minute. I'm not going to proffer with you understanding something else. I want witnesses. Oh, yes. I want witnesses. |
| [Lopez's counsel]: | How convenient that we agree to proffer— |
| [Richardson's counsel]: | I want witnesses. No. |
| [Lopez's counsel]: | We agree to proffer and then— |
| [Richardson's counsel]: | I agreed, but not going south. I mean, if you don't understand the gift deeds— |
| THE COURT: | Oh, I get it, [Richardson's counsel]. If you don't like what the jury says you say, you know what, I want a mistrial. Let's get this jury out of here so I can get another bite at the apple. That's not the way it works, [Richardson's counsel]. 50/50 is my ruling. 50/50. That's the way the promissory note is. That's a contract. I can't break a contract. |
| [Richardson's counsel]: | I am not— |
| THE COURT: | I cannot break a contract. All I'm doing is saying that, look, he gets half of whatever, of the marital property, which is the house and— |
| [Richardson's counsel]: | Sure. Community property— |
| [Lopez's counsel]: | [Richardson's counsel]— |
| THE COURT: | —the cars or whatever it is. But the promissory note is an asset of the—that was in the marriage. Well, actually, he has a contractually—he can sue somebody for if they don't pay under the contract. I can't break this contract. |

6

| | |
|---|---|
| [Richardson's counsel]: | I want my hearing with witnesses because we were going to proffer to you, but we are not on the same page. |
| THE COURT: | This is a contract, [Richardson's counsel]. |
| [Richardson's counsel]: | It is not a contract, Judge. |
| THE COURT: | The promissory note is not a contract? |
| [Richardson's counsel]: | Yes. The promissory is a contract, but that doesn't mean you're gonna say 50/50 and overlook her separate property, Judge. You—the [c]ourts can never divide separate property, and I'll bring you the law.<br><br>So I want a hearing. I can bring experts.<br><br>And by the way, [Lopez's counsel], she modified and amended the pleading two days before. So she— |
| [Lopez's counsel]: | You didn't object to that. You even said— |
| [Richardson's counsel]: | Because we were going over— |
| [Lopez's counsel]: | [Richardson's counsel], you specifically said at the start— |
| [Richardson's counsel]: | I'm not going to— |
| [Lopez's counsel]: | —of this hearing, if I may— |
| [Richardson's counsel]: | I'm not going to argue with you. You can't give money away that doesn't belong to them. |
| THE COURT: | Well— |
| [Richardson's counsel]: | The Courts can never award separate property be divided. |
| THE COURT: | You are stating, [Richardson's counsel], that her pleadings are reimbursement. And reimbursement is— |
| [Richardson's counsel]: | Give them reimbursement. That's what I'm talking about. All of it is separate property. One hundred and—and I made it very clear. |

7

| | |
|---|---|
| THE COURT: | But my ruling—the ruling of the Court is that you have a promissory note— |
| [Richardson's counsel]: | You haven't heard anything, Judge. |
| THE COURT: | —that can be enforced under contract. |
| [Richardson's counsel]: | You haven't heard anything. |
| THE BAILIFF: | You can't talk over the judge. We need to take record [sic]. |
| [Richardson's counsel]: | I apologize. |
| THE COURT: | Ruling of the Court. Get me an order. She might not sign off on it. Just get me an order and that's the ruling of the Court. |
| [Richardson's counsel]: | Well, I want a hearing— |
| THE COURT: | You can appeal if you want to. I already made a ruling. |
| [Richardson's counsel]: | —because you proffered. |
| THE COURT: | You gave me a promissory note that's—hold on, [bailiff]. |
| THE BAILIFF: | Yes, Judge. |
| THE COURT: | There was no objection as to the vendor's lien and the promissory note that was offered by [Richardson's counsel]; is that correct? |
| [Lopez's counsel]: | No objection. |
| [Richardson's counsel]: | I did not offer it. You said that you wanted— |
| THE COURT: | Yes, you did. |
| [Richardson's counsel]: | No, I did not. You said you wanted to see them. There was no reason. I didn't offer them, and I need them back. |
| THE COURT: | You were arguing about them, [Richardson's counsel]. |
| [Richardson's counsel]: | You used them to look at it. And you want to go 50/50 where it's not correct. |

8

| | |
|---|---|
| [Lopez's counsel]: | Judge, if that's the case— |
| [Richardson's counsel]: | So I want a hearing. |
| [Lopez's counsel]: | —I move to introduce all of those exhibits on the record. |
| [Richardson's counsel]: | I want my documents back. I'm not offering it. |

(Speaking Simultaneously)

| | |
|---|---|
| THE COURT: | I'm sorry? |
| [Lopez's counsel]: | I move to introduce all of those exhibits onto the record. |

(Whereupon, [Lopez]'s Exhibit[s] No. 1-4 [were] marked[5])

| | |
|---|---|
| [Richardson's counsel]: | They're my exhibits, so I need my exhibits. She can submit her own if you want to. |
| THE COURT: | But you have promissory notes, right? |
| [Lopez's counsel]: | I provided the promissory note as well as the— |
| THE COURT: | Those promissory notes, were they tendered to you in discovery? |
| [Lopez's counsel]: | Yes, Judge. And I also exchanged— |
| THE COURT: | And not only that. These very same promissory notes that [Richardson's counsel]—you know what, to make you happy, [Richardson's counsel], I'm going to give them back to you. |
| [Richardson's counsel]: | It's not about happiness. It's about what's the rule and the law. |
| THE COURT: | Okay. |
| [Richardson's counsel]: | And I didn't offer those documents, and I want them back. |
| THE COURT: | I'm going to give you those. |

_____

[5] These exhibits, which are contained in the reporter's record of the May 7 hearing, include the warranty deed, promissory note, settlement statement, and sales contract, but do not include the gift deeds or deed of trust.

| | |
|---|---|
| [Richardson's counsel]: | Thank you. |
| THE COURT: | And you give me the promissory notes that you have, [Lopez's counsel]. |
| [Richardson's counsel]: | And I'm objecting to them because it's hearsay. |
| [Lopez's counsel]: | You have my documents. |
| THE COURT: | It's not hearsay, [Richardson's counsel], when your client signed it. |
| [Richardson's counsel]: | I'm objecting to it. |
| THE COURT: | Overruled. |
| [Richardson's counsel]: | Okay. |
| [Lopez's counsel]: | You have my documents. |
| [Richardson's counsel]: | 50/50. |
| THE BAILIFF: | All rise. |
| [Lopez's counsel]: | Those are mine. |
| [Richardson's counsel]: | Yeah. These are yours. |
| [Lopez's counsel]: | Thank you, ma'am. |
| THE COURT: | Very clear, [Richardson's counsel]. You need to take it up with the title company. |

(Proceedings concluded.)

On June 11, 2025, the trial court signed an "Order and Findings at Final Hearing" declaring the parties divorced, awarding Lopez 100% of the parties' equity in their marital residence, and providing that each party is entitled to 50% of the future proceeds from the 2022 promissory note. Richardson filed a motion for new trial which was denied by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

10

## II.    DISCUSSION

### A.    Lack of Notice of Final Hearing

By her first issue, Richardson contends that the trial court erred, violating Texas Rule of Civil Procedure 245 and her due process rights, by rendering its final decree without providing proper notice of a final hearing.

Rule 245 states: "The Court may set contested cases on written request of any party, or on the court's own motion, with reasonable notice of not less than forty-five days to the parties of a first setting for trial, or by agreement of the parties." TEX. R. CIV. P. 245. "A trial court's failure to comply with the notice requirements in a contested case deprives a party of his constitutional right to be present at the hearing and to voice his objections in an appropriate manner, resulting in a violation of fundamental due process." *In re K.M.L.*, 443 S.W.3d 101, 119 (Tex. 2014) (citing *Armstrong v. Manzo*, 380 U.S. 545, 550 (1965)). Richardson notes that, although her counsel was present when the trial court orally set the case for a May 7 trial, the written orders concerning the May 7 setting stated only that motions to compel and for sanctions would be heard. She argues that "when a written order follows an oral pronouncement, the written order controls," and that her counsel "reasonably relied on the court's [April 3 orders] which expressly limited the scope of the May 7, 2025[] setting to Motions to Compel and for Sanctions."

We disagree. At the April 2 hearing, Richardson's counsel explicitly affirmed that trial was set for May 7 and did not object. Further, a written order controls over an oral pronouncement only when there is a conflict between the two. *See In re L.G.R.*, 498 S.W.3d 195, 206 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) ("When there is an inconsistency between a written judgment and an oral pronouncement of judgment, the

11

written judgment controls."); *In re JDN Real Est.-McKinney L.P.*, 211 S.W.3d 907, 914 n.3 (Tex. App.—Dallas 2006, orig. proceeding) ("Any time there is a conflict between oral pronouncements made by a trial judge and his written order, the matters set forth in the written order control."). Here, the trial court's orders setting certain motions to be heard on May 7, 2025, do not conflict with its oral pronouncement that the final hearing would be held on that date. They did not "limit[] the scope" of the May 7 hearing in any manner, expressly or otherwise.

Finally, the record of the May 7 hearing reflects that Richardson's counsel did not in fact "rel[y]" on the written orders but rather, like Lopez's counsel, was fully expecting and willing for the final hearing to take place at that time. In fact, though she later objected to having the matter heard by submission, Richardson's counsel never objected to the final hearing going forward on May 7, 2025.[6] Under these circumstances, we conclude she agreed to the trial date. *See* TEX. R. CIV. P. 245. Therefore, there was no violation of Rule 245 or due process. Richardson's first issue is overruled.

## B. Consideration of Exhibits

By her second issue, Richardson asserts that her due process rights were violated by the trial court's entry of a final decree of divorce despite the fact that "no testimony was taken" and "[n]o exhibits were offered or admitted by either party" at the May 7, 2025 hearing. She contends that, to the extent the judgment was based on "materials not

---

[6] There were only thirty-five days between April 2 and May 7, 2025. *See* TEX. R. CIV. P. 245. But Richardson does not complain about the timing of the notice. In any event, her acquiescence to the trial date renders any such complaint moot. *See id.* (stating the court may set cases for trial "with reasonable notice of not less than forty-five days . . . *or* by agreement of the parties" (emphasis added)); *Abend v. Fed. Nat'l Mortg. Ass'n*, 466 S.W.3d 884, 886 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("To preserve a complaint about non-compliance with the notice requirement of Rule 245, a party must object to the untimely notice.").

admitted into evidence," it was reversible error. By her third issue, Richardson argues (presumably in the alternative to her second issue) that the court erred by "allowing [Lopez] to submit exhibits after the close of the hearing, outside of open court." She contends that "[b]ecause these documents were submitted after the close of the hearing, [she] was deprived of any opportunity to object, challenge authenticity, or address admissibility under the Texas Rules of Evidence."

Again, we disagree. The record belies Richardson's version of events. She claims the documents presented by Lopez's counsel at the end of the May 7 hearing were "never offered in open court and were not admitted into evidence" and that they were considered "without a ruling on admissibility or an opportunity for [her] to object or cross-examine." But Lopez's counsel offered the exhibits, and the court reporter marked the documents as Lopez's Exhibits 1 through 4, before the conclusion of the hearing. Richardson's counsel objected to the exhibits on hearsay grounds, and the trial court overruled her objection; she did not object to the admission of the exhibits on any other basis, such as failure of authentication.[7] All of this happened in "open court" and is reflected in the reporter's record, which confirms that the four exhibits offered by Lopez's counsel were indeed "admitted."

Importantly, this sequence of events was all in accordance with the parties' oral agreement to have the matter heard by submission of documents rather than by live testimony. This agreement was reached at the beginning of the hearing (when Richardson's counsel told the court "I'm okay with that too") and was confirmed by

---

[7] Richardson does not argue on appeal that the exhibits were inadmissible or lacked probative value for any reason, nor does she argue that her trial counsel provided ineffective assistance by failing to object to them on grounds other than hearsay.

Richardson's counsel at the time Lopez's exhibits were offered (when she advised the court that "[Lopez's counsel] can submit her own [exhibits] if you want to"). *See* TEX. R. CIV. P. 11 (providing that an "agreement between attorneys or parties touching any suit pending will be enforced" if it is "made in open court and entered of record"); *Austin v. Austin*, 603 S.W.2d 204, 207 (Tex. 1980) (upholding Rule 11 agreement to have absent wife's testimony heard by submission at trial where "[t]he stipulation was discussed in open court and appears in the statement of facts"); *see also Burbach v. Stearns*, No. 03-20-00399-CV, 2022 WL 406390, at *1 (Tex. App.—Austin Feb. 10, 2022, pet. denied) (mem. op.) (enforcing "oral Rule 11 agreement" which was "read into the record in open court"); *Cruz v. Cruz*, No. 13-10-00378-CV, 2011 WL 2582614, at *1 (Tex. App.—Corpus Christi–Edinburg June 30, 2011, no pet.) (mem. op.) ("Pursuant to [R]ule 11, a settlement agreement between the parties is enforceable if dictated in open court and recited on the record.").

It appears that, upon realizing that the trial judge disagreed with her on a pertinent issue of law, Richardson's counsel attempted to withdraw her consent to have the matter heard by submission. She then requested that the court physically return the documents she previously provided, and the court obliged. However, Lopez's counsel then offered her own copies of the documents into evidence. If Richardson's counsel believed that the documents were objectionable or inadmissible on any grounds other than hearsay, it was incumbent upon her to raise those objections at that time. *See* TEX. R. APP. P. 33.1(a)(1).[8] Moreover, to the extent counsel believed that there were other documents (such as the gift deeds conveying property to Richardson during the marriage) which the court needed

---

[8] As noted, Richardson does not argue on appeal that the trial court erred in overruling her hearsay objection.

to view in order to make its decision, there was nothing preventing her from submitting those to the trial court for its consideration per the parties' agreement.

In any event, we observe that there is no indication in the record—nor does Richardson argue on appeal—that live testimony was actually necessary for her to present her case. At the May 7 hearing, Richardson's counsel expressed an intent to call expert witnesses to testify regarding the character of the $100,000 which Richardson received from the sale of property in 2022. However, Lopez has never disputed Richardson's factual contention that much of the sold property was obtained via gift deeds listing only her as grantee. In fact, Richardson has not identified any disputed question of fact, either in the trial court or on appeal, regarding the 2022 sale or any other aspect of the divorce. In the absence of any disputed underlying fact question, the trial court's determination as to the character of the $100,000 is a purely legal matter for which neither expert nor lay testimony would be appropriate. *See In re Est. of Lopez*, 724 S.W.3d 847, 851 (Tex. 2025) ("It is the trial court's role—not that of the expert witness—to define the particular legal principles applicable to a case." (citation modified)); *Greenberg Traurig of N.Y., P.C. v. Moody*, 161 S.W.3d 56, 99 (Tex. App.—Houston [14th Dist.] 2004, no pet.) ("By permitting attorney[ witnesses] to state opinions as to what the applicable law is, the trial judge voluntarily allows his role as the legal expert in the courtroom to be usurped or diminished by the testifying attorney."); *United Way of S.A., Inc. v. Helping Hands Lifeline Found., Inc.*, 949 S.W.2d 707, 713 (Tex. App.—San Antonio 1997, writ denied) ("Under Texas law, a witness may not give legal conclusions or interpret the law to the jury.").

For the foregoing reasons, Richardson has failed to show, following her own failure to present evidence at trial, that she suffered any harm resulting from the trial court's

admittance and consideration of Lopez's exhibits to determine the only issue on which the parties disagreed and make a distribution of the community estate. *See* TEX. R. APP. P. 44.1(a) ("No judgment may be reversed on appeal on the ground that the trial court made an error of law unless the court of appeals concludes that the error complained of: (1) probably caused the rendition of an improper judgment; or (2) probably prevented the appellant from properly presenting the case to the court of appeals."). We must hold Richardson's counsel to her agreement to try the case by submission, and there is no authority requiring a trial court to allow counsel to withdraw such an agreement merely because counsel later disagrees with the trial court's application of the law.[9] We overrule her second and third issues.

## C.  Consideration of Amended Petition

By her fourth issue, Richardson contends that the trial court erred by "granting relief based on [Lopez]'s first amended petition for divorce, which was filed two days before the hearing, without leave of court, in violation of Texas Rule of Civil Procedure 63." *See* TEX. R. CIV. P. 63. She notes that the decree apparently awarded her interest in the marital residence to Lopez as "reimbursement" for the funds she received in 2022, and that this relief was first specifically requested in Lopez's first amended petition.[10] By a parallel fifth issue, she contends that the trial court erred by granting relief not requested

---

[9] We note that Richardson's appeal generally concerns procedural issues as opposed to legal decisions made by the trial court or its application of the law to the facts pursuant to the Texas Family Code. Specifically, the trial court's decision to consider the promissory note an asset to be distributed equally instead of tracing the underlying property's character is not at issue on appeal.

[10] As noted, Richardson does not contest the merits of the trial court's ruling that Lopez is entitled to credit in the just-and-right division for half of the 2022 sale proceeds, under a "reimbursement" theory or otherwise, and we therefore express no opinion on the matter. *See* TEX. R. APP. 47.1; *see also* TEX. FAM. CODE § 3.402(a) ("A claim for reimbursement exists when one or both spouses use property of one marital estate to confer on the property of another marital estate a benefit which, if not repaid, would result in unjust enrichment to the benefited estate.").

in Lopez's original petition. *See id.* R. 301 ("The judgment of the court shall conform to the pleadings . . . .").

Rule 63 states that parties may amend their pleadings "as they may desire" but that

> any pleading . . . offered for filing within seven days of the date of trial or thereafter, or after such time as may be ordered by the judge under Rule 166, shall be filed only after leave of the judge is obtained, which leave shall be granted by the judge unless there is a showing that such filing will operate as a surprise to the opposite party.

*Id.* R. 63. "A liberal interpretation has been given to Rule 63[]' such that "'leave of court [to file a late pleading] is presumed' when 'it is considered by the trial court' and the opposing party 'has not shown surprise or prejudice.'" *Mosaic Baybrook One, L.P. v. Cessor*, 668 S.W.3d 611, 625 (Tex. 2023) (quoting *Goswami v. Metro. Savs. & Loan Ass'n*, 751 S.W.2d 487, 490 (Tex. 1988)). "Rule 63 places the burden on the party opposing the amendment to show [surprise or prejudice] by raising an objection in the trial court." *Id.*; *see Schultz v. Schultz*, No. 03-22-00762-CV, 2024 WL 3586020, at *3 (Tex. App.—Austin July 31, 2024, no pet.) (mem. op.) ("Rule 63 requires the party opposing the late-filed pleading to object to the pleading when it is considered by the trial court and show that she has been surprised or prejudiced by its late filing or that it is prejudicial on its face.").

Richardson did not raise an objection in the trial court concerning Lopez's amended petition, and she has not suggested—either in that court or this one—that she was prejudiced or surprised by the amendments. Accordingly, Richardson's fourth and fifth issues have not been preserved for appeal. *See Mosaic Baybrook One*, 668 S.W.3d at 625; *Schultz*, 2024 WL 3586020, at *3; *see also* TEX. R. APP. P. 33.1(a). We overrule them for that reason.

17

Even had the issues been preserved, they would lack merit for multiple reasons. First, Lopez's original petition asked the trial court for a just-and-right division of the community estate and for "general relief," and courts have held that such pleadings broadly support the award of reimbursement and similar types of recovery in divorce cases. *See, e.g.*, *Talliti v. Sarris*, No. 05-10-00096-CV, 2011 WL 2859996, at *7 (Tex. App.—Dallas July 20, 2011, no pet.) (mem. op.) (rejecting husband's Rule 301 complaint regarding award of reimbursement because, though wife "did not plead a claim for reimbursement, her petition included a prayer for general relief"); *Reimert v. Reimert*, No. 09-07-418 CV, 2008 WL 4890900, at *3 (Tex. App.—Beaumont Nov. 13, 2008, no pet.) (mem. op.) (noting "[a] failure to specifically plead a claim for economic contribution is not per se fatal to recovery for such a claim under Texas law as family law courts generally construe divorce pleadings more liberally than in other civil cases"); *see also Workings v. Workings*, 700 S.W.2d 251, 253 (Tex. App.—Dallas 1985, no writ) ("The general rule that the judgment must conform to the pleadings applies to the division of property in divorce cases. However, because of the trial court's duty under . . . the Texas Family Code to divide the estate of the parties in a divorce action, the trial court may construe the pleadings pertaining to the division of property more liberally than in other civil cases. Thus, a prayer for general relief, at least in the absence of a special exception, entitles a petitioner in a divorce action to her proven rights, insofar as the laws of this state entitled the court to award them." (citations omitted)).

Second, as Lopez points out, though Richardson's counsel attempted to withdraw her agreement to have the case heard by submission, there was never any doubt that the character of the 2022 sale proceeds and its effect on the division of the community estate

18

were material disputed issues. Richardson's counsel offered arguments and evidence on those issues and made no objection at trial to the court's consideration of them. *See* TEX. R. CIV. P. 67 ("When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings."); *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009) ("When both parties present evidence on an issue and the issue is developed during trial without objection, any defects in the pleadings are cured at trial, and the defects are waived."); *Mintvest Cap., Ltd. v. Coinmint, LLC*, 693 S.W.3d 834, 841 (Tex. App.—Houston [14th Dist.] 2024, no pet.) (noting that an "unpleaded issue may be deemed tried by consent when evidence on the issue is developed without objection under circumstances indicating both parties understood the issue was being contested").

Richardson's fourth and fifth issues are overruled.

## D. Findings and Conclusions

By her sixth and final issue, Richardson argues the trial court erred by issuing "findings" along with its judgment, despite the fact that no request for findings of fact or conclusions of law had yet been made under Texas Rule of Civil Procedure 296. *See* TEX. R. CIV. P. 299a ("Findings of fact must not be recited in a judgment."). Also by this issue, Richardson complains that the trial court failed to file findings and conclusions in response to her timely request.[11] *See id.* R. 296.

---

[11] Richardson asserts that she filed a timely request for findings of fact and conclusions of law on June 12, 2025. As she acknowledges in her brief, the request does not appear in the clerk's record but was attached as an exhibit to her motion for new trial, along with her attorney's affidavit attesting that the request was filed on June 12. She asserts we may consider this document under Texas Rule of Appellate Procedure 36.5(c), concerning supplementation of the clerk's record. *See* TEX. R. APP. P. 36.5(c). But the clerk's record in this case was never supplemented to include her request for findings. In any event, we assume for purposes of this opinion that the request was properly filed with the trial court.

19

Richardson cites no authority, and we find none, indicating it is reversible error to file "findings" along with a judgment. *See Isaac v. Burnside*, 616 S.W.3d 609, 614 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) ("Although the trial court did not set forth findings in a separate document, the trial court included fact findings in its judgment. Though erroneously placed, these findings have probative value so long as they do not conflict with those in a separate document."); *see also* Tex. R. Civ. P. 299a ("If there is a conflict between findings of fact recited in a judgment in violation of this rule and findings of fact made pursuant to Rules 297 and 298, the latter findings will control for appellate purposes."). And because she did not file a notice of past due findings, she did not preserve any error regarding the trial court's subsequent failure to file findings in response to her request. *See id.* R. 297 ("If the court fails to send timely findings of fact and conclusions of law, the party making the request must, within thirty days after filing the original request, file with the clerk and serve on all other parties in accordance with Rule 21a a 'Notice of Past Due Findings of Fact and Conclusions of Law' which must be immediately called to the attention of the court by the clerk."); *Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 137 (Tex. 2017) (per curiam) ("[A] party waives its right to challenge a failure to file findings if it does not file a notice of past due findings as rule 297 requires.").

Moreover, as Lopez points out, Richardson has not explained how the inclusion of findings in the June 11 final order, or the absence of additional findings per her request, caused her to suffer harm. *See* Tex. R. App. P. 38.1(i); *id.* R. 44.1(a); *Isaac*, 616 S.W.3d at 614–15 (concluding that court's failure to file findings and conclusion was harmless error because "the trial court included fact findings in its judgment" and therefore "did not

leave [appellant] to guess the basis for the trial court's rulings and did not prevent him from making a proper presentation of his case to this court"). We overrule her sixth issue.

### III. CONCLUSION

The trial court's judgment is affirmed.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
30th day of April, 2026.